IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| Michael C. Hild, | ) |
|         Plaintiff, | ) |
| v. | ) Civil Action No. 3:25-cv-01050-DJN |
| Dan Foster, in his individual capacity;<br>Glen Haddock, in his individual capacity;<br>Lawrence "Larry" Mattera, Jr., in his<br>  individual capacity;<br>Bloomberg, L.P.;<br>Intercontinental Exchange, Inc.;<br>Industrial and Commercial Bank of China<br>  Limited;<br>Mirae Asset Securities (USA) Inc.;<br>Flagstar Bank, FSB;<br>Customers Bank;<br>And Does 1-50, inclusive, | ) |
|         Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT
CUSTOMERS BANK'S MOTION TO DISMISS**

**I.   INTRODUCTION**

By this action, Mr. Hild, a convicted fraudster, seeks to obtain redress for losses to his business occasioned by the criminal financial fraud for which he was convicted. He contends that Defendants, which include former employees of his now-defunct reverse mortgage business, Live Well Financial, Inc. ("Live Well"), the entities that priced the esoteric bonds Live Well bought and securitized, and even the financial institutions that lent Live Well money, are liable for participating in "a coordinated scheme … to destroy" Live Well and thereby harm Hild in violation of the Virginia Business Conspiracy Act, Va. Code §§18.2-499 and 500.

The Complaint suffers from multiple deficiencies and should be dismissed. First, it fails to state a claim over which this Court has subject matter jurisdiction. Second, Plaintiff does not

1

have standing to seek damages for losses suffered by Live Well, which filed for bankruptcy protection and was under the auspices of a trustee who had control of its assets (including any such derivative claims). Third, and in any event, the Complaint does not plead specific facts sufficient, under the applicable pleading standard, to meet the elements of the Virginia Business Conspiracy Act—and cannot ever do so.

For each and all these reasons, the Court should dismiss the Complaint with prejudice.

## II.     BACKGROUND FACTS

Plaintiff is the former CEO and was the largest shareholder of Live Well, a private company that originated, serviced and securitized government guaranteed reverse mortgages. Live Well came under investigation by the Securities and Exchange Commission in 2017 and ceased operations in 2019. Hild was indicted in 2019 and was convicted in 2021 of, among other things, criminal securities fraud in connection with what was characterized as a multi-year scheme to fraudulently inflate the value of a portfolio of bonds used as collateral to obtain cash loans; the United States Court of Appeals for the Second Circuit affirmed that conviction in 2025. *See U.S. v. Hild*, 23-6136 2d. Cir. 2025).

Creditors filed an involuntary Chapter 7 petition against Live Well in 2019. A trustee was appointed to oversee its assets, including any potential claims. *See In re Live Well Financial, Inc.*, 19-bk-1317, D. Del.

Customers Bank, a super-community bank with diversified lending activities, was one of the lenders to Live Well.

## III.    ARGUMENT

### A.    The Court Lacks Subject Matter Jurisdiction

The Complaint posits federal jurisdiction under 28 U.S.C. § 1331. It does not allege, however, that any federal statute provides a civil remedy for the wrongs Hild alleges. Nor does

it identify any specific federal statute sufficiently at issue to confer federal jurisdiction over a state statutory claim.  The mere potential need for an interpretation of federal statutes or regulations, which is the sole basis for the Complaint's invocation of § 1331, is not sufficient.

The Supreme Court has recognized that a case will arise under federal law in "certain . . . state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Under this second test for arising under, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id*. at 314.

Courts have consistently interpreted jurisdictional statutes with an 'arising under' qualification, including § 1331, as giving the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006).  Here, the Complaint does not provide any explanation of how the resolution of any substantial question of federal law is necessary to the determination of Hild's Virginia statutory claim.

In the absence of any such explanation, the mere conclusory assertion to that effect is an insufficient basis for federal jurisdiction.  For this reason alone, the Court should dismiss the Complaint.

    **B.**  **Plaintiff Has No Standing to Seek Damages for Losses to Live Well**

The Complaint seeks damages for Hild's losses as a shareholder of Live Well.  *See* ¶ 38 ("Plaintiff's ownership interests and future earnings were destroyed.")  But any claims for the company's losses belong to the bankruptcy trustee—not to Hild.  Such claims, were they to exist,

3

because they affect all shareholders equally, would be derivative and accordingly, cannot be brought unless the shareholder has made demand on the company.  *See* Va. Code 13.1-672 et seq.  The Complaint does not plead any demand and, in any event, the Ch. 7 bankruptcy trustee has control of the company's assets (including any such claim).

Mr. Hild, then, does not have the right to bring any claim seeking damages for the collapse of Live Well.  The Complaint accordingly should be dismissed on that basis.

      C.      **The Complaint Fails to State a Claim Against Customers Bank for Violation of the Virginia Business Conspiracy Act**

The appropriate pleading standard for considering a motion to dismiss for failure to state a claim upon which relief can be granted is that refined by *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). *See also* Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 8. Plaintiffs must allege facts that "state a claim to relief that is plausible on its face," i.e., facts that "have nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

Virginia Code § 18.2-499 imposes liability on "[a]ny two or more persons who combine, associate, agree, mutually undertake or concert together for the purpose of . . . willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever . . .." Va. Code § 18.2-499. To prevail under the Act, a plaintiff must prove by clear and convincing evidence the following elements: (1) concerted action; (2) legal malice; and (3) causally related injury. *See Va. Vermiculite Ltd. v. W.R. Grace & Co.-Conn.*, 144 F. Supp. 2d 558, 601 (W.D. Va. 2001), *aff'd on other grounds sub nom., Va. Vermiculite Ltd. v. Historic*

4

*Green Springs, Inc.*, 307 F.3d 277 (4th Cir. 2002); *see also Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 108 F.3d 522, 526 (4th Cir. 1997).

Virginia courts have consistently held that the Act is designed to provide relief against conspiracies resulting in business-related damages and that a cause of action exists only when malicious conduct is directed at one's business, not one's person. *See, e.g.*, *Andrews v. Ring*, 585 S.E.2d 780, 784 (2003). Similarly, an individual's professional reputation and stock ownership in his own company have been found to be employment interests that fall outside the scope of the statutes. *See Inman v. Klockner-Pentaplast of Am., Inc., 467 F. Supp. 2d 642, 654 (W.D. Va. 2006)*. In addition, "[c]onspiracy is not established simply by lumping the defendants" all together because the heart of conspiracy "is an agreement and a conscious decision by each defendant to join it." *SD3, LLC v. Black & Decker (U.S.), Inc.*, 2014 U.S. Dist. LEXIS 96256, at*8 (E.D. Va. 2014).

To survive a motion to dismiss, then, a plaintiff must at least plead the requisite harm and concert of action—and must do so "in more than mere conclusory language." *Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC*, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003) (internal quotation marks omitted). Like fraud, business conspiracy "must be plead with particularity." *Government Employees Ins. Co. v. Google, Inc.*, 330 F.Supp.2d 700, 706 (E.D. Va. 2004). "The heightened pleading standard prevents every business dispute over unfair competition becoming a business conspiracy claim." *Id*. Here, the Complaint is bereft of any well-pleaded facts to show that Customers Bank acted in concert with any other Defendant to injure Live Well or that Hild suffered compensable business harm.

The sole allegation related to Customers is both conclusory and vague: it "relied on distorted and conflicting pricing to trigger margin calls, declare defaults, and accelerate loan

5

obligations." *See* Complaint ¶¶ 21, 35 and 46. That is not enough, and the mere "inclusion of conclusory legal terms ... does not insulate a complaint from dismissal under Rule 12(b) (6) when the facts alleged in the complaint do not support the legal conclusion." *Trigon Ins. Co. v. Columbia Naples Capital, LLC*, 235 F. Supp. 2d 495, 500 (E.D. Va. 2002).

In sum, then, the Complaint does not state a claim under the Virginia Business Conspiracy Act. The Court therefore should dismiss it.

## IV. CONCLUSION

For the reasons set forth above, Customers Bank respectfully requests that the Court dismiss the Complaint with prejudice.

Respectfully submitted,

Dated   January 20, 2026

/s/
Kevin B. Bedell (Va. Bar No. 30314)
e-mail:  kbbedell@outlook.com
1309 Capulet Court
McLean, Virginia  22102
Tel:  (703) 963-6118

and

DORSEY & WHITNEY LLP

James K. Langdon
(pro hac vice forthcoming)
langdon.jim@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

*Attorneys for Defendant Customers Bank*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of January, 2026, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Michael C. Hild
>michaelchristopherhild@gmail.com
>2302 East Marshall Street
>Richmond, VA 23223
>
>*Plaintiff, pro se*

>　　　/s/
>Kevin B. Bedell (Va. Bar No. 30314)
>e-mail:  kbbedell@outlook.com
>1309 Capulet Court
>McLean, Virginia  22102
>Tel:  (703) 963-6118
>
>*Attorney for Defendant Customers Bank*