UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

MICHAEL C. HILD,
individually and as owner of business and
marital property interests,

        Plaintiff,

v.

DAN FOSTER, in his individual capacity;
GLEN HADDOCK, in his individual capacity;
LAWRENCE "LARRY" MATTERA, JR.,
in his individual capacity; CHRISTOPHER
KRUPA, in his individual capacity;
BLOOMBERG L.P; INTERCONTINENTAL
EXCHANGE, INC.; INDUSTRIAL AND
COMMERCIAL BANK OF CHINA
LIMITED; MIRAE ASSET SECURITIES
(USA) INC.; FLAGSTAR BANK, FSB;
CUSTOMERS BANK; and DOES 1-50,
inclusive,

        Defendants.

Case No. 3:25-cv-1050 (DJN)

Honorable David J. Novak

---

**BRIEF IN SUPPORT OF DEFENDANT FLAGSTAR BANK, N.A.'S
MOTION TO DISMISS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

QUESTIONS PRESENTED.............................................................................................. iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ........................................ v

INTRODUCTION ............................................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 2

STANDARD OF REVIEW ................................................................................................ 3

ARGUMENT ....................................................................................................................... 4

   I.     Hild fails to state a claim upon which relief can be granted ........................... 4

   II.    Hild lacks standing to pursue a claim against Flagstar ................................... 7

      a.    Hild's complaint alleges a contract claim that belongs to Live Well ............ 7

      b.    Hild lacks standing to pursue a conspiracy claim in his capacity as a shareholder of Live Well .................................................................................................. 8

   III.   Hild's claim against Flagstar is barred by the statute of limitations ................ 9

CONCLUSION.................................................................................................................... 11

# TABLE OF AUTHORITIES

*Cases*

*16630 Southfield Ltd. P'ship v. Flagstar Bank*,
    727 F.3d 502 (6th Cir. 2013) ...................................................................................... 4, 7

*ACA Fin. Guar. Corp. v. City of Buena Vista*,
    917 F.3d 206 (4th Cir. 2019) ...................................................................................... 3, 4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................ *passim*

*Bell Atlantic Corporation v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................. 1, 3, 6

*BHR Recovery Cmtys., Inc. v. Top Seek, LLC*,
    355 F. Supp. 3d 416 (E.D. Va. 2018) .............................................................................. 7

*Colgate v. Disthene Grp., Inc.*,
    86 Va. Cir. 218 (Va. Cir. 2013) ..................................................................................... 11

*Detrick v. Panalpina, Inc.*,
    108 F.3d 529 (4th Cir. 1997) .......................................................................................... 9

*E.E.O.C. v. Waffle House, Inc.*,
    534 U.S. 279 (2002) ........................................................................................................ 8

*Exec. Risk Indem., Inc. v. Charleston Area Med. Ctr., Inc.*,
    681 F. Supp. 2d 694 (S.D. W. Va. 2009) ........................................................................ 8

*Gov't Employees Ins. Co. v. Google, Inc.*,
    330 F. Supp. 2d 700 (E.D. Va. 2004) ............................................................................. 7

*L-3 Communs. Corp. v. Serco, Inc.*,
    926 F.3d 85 (4th Cir. 2019) .......................................................................................... 10

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ........................................................................................................ 7

*Martineau v. Wier*,
    934 F.3d 385 (4th Cir. 2019) .......................................................................................... 8

*Mission Integrated Techs., LLC v. Clemente*,
    158 F.4th 554 (4th Cir. 2025) .................................................................................. 9, 10

*Mullins v. First Nat. Exch. Bank of Va.*,
    275 F. Supp. 712 (W.D. Va. 1967) .................................................................................. 9

*New Albany Tractor v. Louisville Tractor*,
    650 F.3d 1046 (6th Cir. 2011) ........................................................................................ 4

*Newman v. Walker*,
    270 Va. 291; 618 S.E.2d 336 (2005) ............................................................................ 11

*Safe Haven Wildlife Removal & Prop. Mgmt. Experts, LLC v. Meridian Wildlife Servs. LLC*,
    716 F. Supp. 3d 432 (W.D. Va. 2024) ............................................................................ 9

*SD3, LLC v. Black & Decker (U.S.) Inc.*,
    801 F.3d 412 (4th Cir. 2015) .......................................................................................... 6

*Smith Setzer v. S.C. Procurement Panel*,
    20 F.3d 1311 (4th Cir. 1994) .......................................................................................... 9

*Ward v. Ernst & Young*,
    246 Va. 317; 435 S.E.2d 628 (1993) .............................................................................. 8

*Womble v. Dixon*,
    752 F.2d 80 (4th Cir. 1984) ............................................................................................ 8

### Statutes

Va. Code 8.01.229 ............................................................................................................ 10, 11

Va. Code 8.01.243 .................................................................................................................. 9

Va. Code 18.2.499 .......................................................................................................... 3, 4, 6

Va. Code 18.2.500 .................................................................................................................. 3

### Federal Rules

Fed. R. Civ. P. 9 ..................................................................................................................... 7

Fed. R. Civ. P. 12 ............................................................................................................. 3, 11

# QUESTIONS PRESENTED

## I.

**Does Hild's complaint fail to allege sufficient factual content from which the Court can infer that Flagstar is subject to liability for business conspiracy, as required under *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and its companion case, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)?**

Defendant Flagstar Bank, N.A answers, "yes."

Plaintiff Michael C. Hild answers, "no."

## II.

**Hild's complaint seeks redress for injury against Live Well, the now-bankrupt company that Hild once served as CEO of. Does Hild lack standing to bring a claim on behalf of Live Well?**

Defendant Flagstar Bank, N.A answers, "yes."

Plaintiff Michael C. Hild answers, "no."

## III.

**To the extent that Hild's complaint alleges sufficient factual content to plead a claim and he can establish standing, is that claim barred under the statute of limitations?**

Defendant Flagstar Bank, N.A answers, "yes."

Plaintiff Michael C. Hild answers, "no."

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

- Fed. R. Civ. P. 12(b).

- Va. Code Ann. § 18.2-499.

- *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

- *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

# INTRODUCTION

Plaintiff Michael C. Hild is the former CEO of Live Well Financial, Inc., who has been criminally convicted for his role in orchestrating a multi-million-dollar financial fraud scheme which caused Live Well's ultimate demise. Seemingly still in denial of his culpability, Hild filed this lawsuit against ex-Live Well executives, market data vendors, and Live Well's lenders, including defendant Flagstar Bank, N.A., claiming a "coordinated scheme … to destroy" Live Well through "intentional manipulation of bond pricing data" and "predatory margin calls and loan accelerations." Complaint ("Compl."), Doc. 1 at ¶ 1.

Although the complaint lacks even basic clarity,[1] one thing is readily apparent: Hild doesn't assert any claim against Flagstar. Hild makes a number of generalized and non-sensical allegations of business conspiracy, none of which are specifically directed at Flagstar. Hild accuses former Live Well executives of supplying manipulated pricing for Live Well securities and blames third-party pricing servicers and lenders for relying on "distorted and conflicting pricing to trigger margin calls, declare defaults, and accelerate loan obligations." *Id*. at ¶ 21. At best, the most Hild alleges against Flagstar is that it relied on the submissions and pricings prepared by the other defendants. There is nothing alleged which even remotely suggests liability against Flagstar for a "scheme." Because the complaint doesn't contain sufficient factual content from which the Court can draw a plausible inference that Flagstar is liable for business conspiracy, it doesn't satisfy the plausibility standard outlined in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and its companion case, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

---

[1] The complaint is riddled with terms dressed to sound like they have meaning, but are in fact gibberish, like "public factual findings" and "habeas preservation."

Regardless of whether the complaint meets the plausibility standard, Flagstar is entitled to dismissal for several other independent grounds. First, Hild faces many issues related to standing. The substance of his claims against Flagstar are rooted in contract (Live Well's loan agreement with Flagstar), not business conspiracy. Hild hasn't established standing to bring a breach of contract claim against Flagstar, nor can he prove such authority since any claim belongs to Live Well's bankruptcy trustee. To the extent he can prove standing, the claim is still barred by the five-year statute of limitations. Lastly, even considering the business conspiracy claim as plead, Hild lacks standing to recover on Live Well's behalf for loss of value to the company. For various reasons, therefore, Flagstar is entitled to dismissal.

## STATEMENT OF FACTS

The underlying facts of this lawsuit concern Live Well's now-exposed scheme of defrauding lenders by falsely inflating the value of bonds serving as collateral and borrowing base for various loans to Live Well. Hild is the former CEO of Live Well. He has been convicted of securities fraud, wire fraud, bank fraud, and conspiracy for his role in devising, spearheading, and managing this defrauding scheme. *United States of America v Michael Hild* (S.D.N.Y. Case No. 1:19-cr-00602-RA) (Second Circuit Court of Appeals Case No. 23-6136).

Hild filed this lawsuit against former Live Well executives, market data vendors, and Live Well's lenders generally alleging that defendants intentionally manipulated bond pricing data and wrongly issued margin calls and loan accelerations. Compl. at ¶ 1. To the extent it can be understood, the complaint mostly concerns pricing methodologies that defendants Dan Foster and Glen Haddock (former Live Well employees that reported directly to and acted under Hild's authority) allegedly set in place and submitted to third-party pricing services in their respective

2

roles at Live Well. *Id.* at ¶¶ 25-34. Hild complains that lenders relied on this "distorted pricing to issue margin calls and declare defaults." *Id.* at ¶¶ 21 and 35.

From these facts, Hild alleges one count of "Virginia Business Conspiracy" under Va. Code §§ 18.2-499 and 18.2-500. Hild claims that "Defendants combined, associated, and mutually undertook a course of conduct to willfully and maliciously injure Plaintiff's business." *Id*. at ¶ 42 He says that acts comprising the business conspiracy included "dissemination of conflicting pricing, coordinated non-disclosure and misleading omissions concerning pricing submissions,[2] and wrongful loan accelerations." *Id*. at ¶ 43. Beyond these allegations, the complaint does not distinguish Flagstar from any other defendant and cites nothing even remotely related to wrongdoing by Flagstar or any other lender. At best, Hild claims that his employees manipulated bond pricing[3] and that Flagstar relied on that pricing.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 212 (4th Cir. 2019). The determination of whether dismissal is appropriate rests primarily on the allegations in the complaint. *Id*. As a general rule, the Court must assume the veracity of the allegations in the complaint. *Iqbal*, 556 U.S. at 678-79. But application of the general rule is limited to allegations comprised of well-pleaded facts. *Id.* at 679. Allegations comprised of labels and conclusions, formulaic recitals of elements, unadorned accusations, or naked assertions aren't entitled to a presumption of truth. *Id.* at 678; *Twombly*, 550 U.S. at 555.

---

[2] None identified with specificity.
[3] This was indeed a theme in Hild's criminal trial; that everyone, except him, was responsible for bond pricing and the fraud that the lenders are victims of.

3

Dismissal is proper if the complaint fails to establish entitlement to relief. *City of Buena Vista*, 917 F.3d at 212. To establish entitlement to relief and survive dismissal, the complaint must cross the line of possibility and enter the realm of plausibility. *Iqbal*, 556 U.S. at 678-69. The plausibility standard requires "more than a sheer possibility" of misconduct. *Id.* at 678. If the well-pleaded facts don't permit the Court to infer more than a sheer possibility of misconduct, the complaint alleges—but fails to show—entitlement to relief. *Id.* at 679. Thus, factual allegations that are merely consistent with liability fall short of "the line between possibility and plausibility of entitlement to relief." *Id.* at 678.

The plaintiff "is not entitled to discovery, cabined or otherwise," if the complaint fails to meet the plausibility standard. *Id.* at 686. The plausibility standard prevents the plaintiff from "launching a case into discovery" and "brandishing the threat of discovery during settlement negotiations" when "there is no reasonable likelihood" that a plausible claim can be constructed from the facts alleged in the complaint. *16630 Southfield Ltd. P'ship v. Flagstar Bank*, 727 F.3d 502 (6th Cir. 2013). In sum, the plausibility standard requires the plaintiff to "have greater knowledge" of the facts, as the plaintiff "may not use the discovery process to obtain these facts after filing suit." *New Albany Tractor v. Louisville Tractor*, 650 F.3d 1046, 1051 (6th Cir. 2011).

## ARGUMENT

**I.    Hild fails to state a claim upon which relief can be granted.**

Hild's complaint should be dismissed because he hasn't stated a claim upon which relief can be granted. Hild pleads one count under Virginia law for business conspiracy against all defendants. The Code of Virginia, Va. Code Ann. § 18.2-499, establishes liability for conspiracy when two or more persons "combine, associate, agree, mutually undertake or concert together for the purpose of (i) willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever…" *Id*. at § 18.2-499(A). The Code also establishes liability for

4

"attempt[ing] to procure the participation, cooperation, agreement or other assistance of any one or more persons to enter into any combination, association, agreement, mutual understanding or concert prohibited in subsection A." *Id*. at § 18.2-499(B).

> **Combinations to injure others in their reputation, trade, business or profession; rights of employees.**
>
> A. Any two or more persons who combine, associate, agree, mutually undertake or concert together for the purpose of (i) willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever or (ii) willfully and maliciously compelling another to do or perform any act against his will, or preventing or hindering another from doing or performing any lawful act, shall be jointly and severally guilty of a Class 1 misdemeanor. Such punishment shall be in addition to any civil relief recoverable under § 18.2-500.
>
> B. Any person who attempts to procure the participation, cooperation, agreement or other assistance of any one or more persons to enter into any combination, association, agreement, mutual understanding or concert prohibited in subsection A of this section shall be guilty of a violation of this section and subject to the same penalties set out in subsection A.

*Id*. at § 18.2-499.

Hild's complaint seeks relief against the "Defendants" with no delineation or explanation of who allegedly did what. Compl., Doc. 1 at ¶¶ 42-43. Hild doesn't make any allegations connecting Flagstar with the conduct prohibited in § 18.2-499. He doesn't explain how Flagstar combined, associated, agreed, mutually undertook, or concerted together with another to willfully and maliciously injure his reputation, trade, business or profession. See *Id*. at § 18.2-499(A). Nor does he allege that Flagstar engaged in the type of procurement prohibited in § 18.2-499(B). Hild instead groups all defendants as a collective whole, lists a number of acts in which they allegedly

5

engaged in, and claims that such actions were done to injure *Live Well*.[4] Fourth Circuit case law prohibits this exact practice of pleading "indeterminate assertions against all defendants." *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015) (internal quotation marks and citations omitted). Hild must instead specify how each defendant is involved in the alleged conspiracy. *Id*.

The singular allegation that names Flagstar is in the "Parties" section of the complaint and states that Live Well's lenders "relied on distorted and conflicting pricing to trigger margin calls, declare defaults, and accelerate loan obligations." Compl., Doc. 1 at ¶ 21. This allegation does not amount to "sufficient factual matter" from which this Court can "draw the reasonable inference" that Flagstar is liable for conspiracy because it doesn't specify how Flagstar engaged in any concerted activity. *Iqbal*, 556 U.S. at 678. Hild does not allege that Flagstar combined or formed an agreement with the other defendants; strategized with them; had any communications with the defendants; or acted willfully or with malice to specifically cause injury to Hild. *See* Va. Code Ann. § 18.2-499(A). All Hild alleges is that Flagstar relied on the manipulated pricings his former colleagues prepared and submitted. Reliance is not equivalent to participation in a conspiracy.

Hild simply makes legal conclusions unaccompanied by "further factual enhancement," which isn't entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555, 557. The plausibility standard articulated in *Twombly* and *Iqbal* demands "more than a sheer possibility that [Flagstar] acted unlawfully." *Iqbal*, 556 U.S. at 678. The complaint doesn't cross the line of possibility and enter the realm of plausibility. Hild can't "proceed to discovery

---

[4] Although Hild's complaint lists himself as a plaintiff "individually," as detailed more below, the complaint does not make any individual claims and Hild's only alleged loss is in his capacity as "as owner" of Live Well. See Complaint, Doc. 1 at pg. 1.

6

simply by making bare allegations that [Flagstar] violated the law." *16630 Southfield Ltd. P'ship*, 727 F.3d at 50.

Moreover, the standard for pleading business conspiracy in this Court is the same heightened pleading standard for fraud under Rule 9(b) of the Federal Rules of Civil Procedure. That is, the plaintiff must plead business conspiracy with particularity. *BHR Recovery Cmtys., Inc. v. Top Seek, LLC*, 355 F. Supp. 3d 416, 425 (E.D. Va. 2018); *Gov't Employees Ins. Co. v. Google, Inc.*, 330 F. Supp. 2d 700, 706 (E.D. Va. 2004) ("business conspiracy, like fraud, must be pleaded with particularity, and with more than mere conclusory language."). Hild's vague group pleading omits the 'who,' 'what,' 'when,' and 'how' of the conspiracy. Such broad assertions of conspiracy by "Defendants" does not meet the particularity standard demanded of a business conspiracy claim. For these reasons, dismissal is warranted.

## II. Hild lacks standing to pursue a claim against Flagstar.

### a. Hild's complaint alleges a contract claim that belongs to Live Well.

To the extent Hild does sufficiently allege factual content from which the Court can infer liability against Flagstar, Flagstar is still entitled to dismissal because the claim belongs to Live Well. Article III of the Constitution of the United States requires that a plaintiff have legal standing in order for a court to properly hear his case. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The plaintiff bears the burden of establishing standing. *Id*. at 561. While it is true that, at the pleading stage, general factual allegations will suffice, a plaintiff must still plead facts sufficient to establish that he has standing to bring his claims. *Id*.

Hild complains that Live Well's lenders, including Flagstar, wrongfully declared defaults, margin calls, and accelerated Live Well's loan obligations. Although he labels his legal claim as business conspiracy, his grievances are actually rooted in contract, i.e., Live Well's respective loan agreements. Those agreements set the terms of repayment, default, margin calls, etc. In order to

7

have standing to assert a breach, Hild must establish that he entered into a valid contract with Flagstar or was a privy or third-party beneficiary of such a contract. *Ward v. Ernst & Young*, 246 Va. 317, 435 S.E.2d 628, 634 (1993) ("[t]hose with standing to sue for breach of contract include the person to whom the promise was made, his privy, or any one for whose benefit the contract was made.") (internal quotation marks and citations omitted). He hasn't. Hild doesn't allege any personal contractual relationship with Flagstar; that he has a right to sue as a third-party beneficiary; or that he has a right to sue as a privy. In short, Hild does not allege any authority to bring a claim on behalf of Live Well. As plead, the contract claims belong to Live Well, the contracting party, not Hild. *See Exec. Risk Indem., Inc. v. Charleston Area Med. Ctr., Inc.*, 681 F. Supp. 2d 694, 730 (S.D. W. Va. 2009) (to assert a breach of contract claim, there must be a valid, enforceable contract between the parties); *see also E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a nonparty.").

Moreover, because Live Well was placed into involuntary Chapter 7 bankruptcy, any claim actually belongs to the bankruptcy trustee. *Martineau v. Wier*, 934 F.3d 385, 391 (4th Cir. 2019) (in the context of Chapter 7, the bankruptcy trustee "is the real party in interest with respect to property of the estate, with the right to bring any legal claims that belong to the estate.") (citations omitted). For various reasons, therefore, Hild lacks standing to recover for Live Well's alleged contractual damages and his complaint should be dismissed on this basis alone.

### b. Hild lacks standing to pursue a conspiracy claim in his capacity as a shareholder of Live Well.

Even considering the "Business Conspiracy" label plead in the complaint, Hild admittedly seeks recovery on Live Well's behalf for loss of value of the company. It is "well settled" that "Virginia law does not accord a shareholder standing to sue in his own right for compensatory damages caused by injury to a corporation." *Womble v. Dixon*, 752 F.2d 80, 82 (4th Cir. 1984)

(citation omitted); *see also Smith Setzer v. S.C. Procurement Panel*, 20 F.3d 1311, 1317 (4th Cir. 1994). The rule is that a "shareholder of a corporation, even if he is the sole shareholder, has no personal or individual right of action against third parties for a wrong or injury inflicted by those third parties upon the corporation." *Mullins v. First Nat. Exch. Bank of Va.*, 275 F. Supp. 712, 721 (W.D. Va. 1967).

Hild's business conspiracy count alleges that defendants' actions were meant to injure Live Well. There is no separate count of conspiracy as to Hild, personally. The complaint states: "Defendants combined, associated, and mutually undertook a course of conduct to willfully and maliciously injure *Plaintiff's business*." Compl., Doc. 1 at ¶ 42 (emphasis added). This allegation is consistent with the rest of the complaint, which repeatedly alleges harm to Live Well and proclaims that defendants' actions "destroy[ed] Live Well." *Id*. at ¶¶ 1, 13, 15. For additional measure, in the "Damages" section of the complaint, Hild lists: "Live Well was forced into collapse." *Id*. at ¶ 37. In short, Hild cannot and does not attempt to state an interest different from his loss of value as a shareholder. He therefore lacks standing to pursue a conspiracy claim against Flagstar.

**III.    Hild's claim against Flagstar is barred by the statute of limitations.**

Inasmuch as Hild can state a conspiracy claim in his personal capacity against Flagstar, and his complaint sufficiently alleges such, that claim is still time-barred. The statute of limitations for business conspiracy in Virginia is five years. *Safe Haven Wildlife Removal & Prop. Mgmt. Experts, LLC v. Meridian Wildlife Servs. LLC*, 716 F. Supp. 3d 432, 444 (W.D. Va. 2024) (citing Va. Code Ann. § 8.01-243 and *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 543 (4th Cir. 1997)); *see also Mission Integrated Techs., LLC v. Clemente*, 158 F.4th 554, 565 (4th Cir. 2025). The claim "must be based on some underlying tort, and a cause of action for business conspiracy 'does not accrue until the plaintiff suffers an injury sufficient to give rise to the underlying tort claim'—i.e.,

9

when a plaintiff can 'prove every element of the underlying tort.'" *Id*. (quoting *L-3 Communs. Corp. v. Serco, Inc.*, 926 F.3d 85, 93 (4th Cir. 2019)).

Hild's complaint alleges that defendants conspired to destroy Live Well by manipulating bond pricing, issuing margin calls, and accelerating Live Well's loans. He does not allege an underlying tort, the injury of which prompts the accrual of a business conspiracy claim. *Mission Integrated*, 158 F.4th at 565. Because business conspiracy is not an independent tort, the claim is improperly plead and subject to dismissal on this independent basis. Nonetheless, even assuming Hild plead an underlying tort, there can be no question that the statute of limitations has run.

The latest in time operative fact alleged in Hild's complaint dates back to 2019. Specifically, Hild alleges that Krupa, through IDC, "abruptly ceased pricing Live Well securities in or about March 2019." Compl., Doc. 1 at ¶ 19. That is the only timeframe referenced in the complaint regarding when the alleged wrongful conduct could have occurred. Thus, as plead, any business conspiracy occurred more than six years before Hild brought this action, and the statute of limitations bars the claim.

Hild's apparent attempt to overcome the limitations period by referencing "Fraudulent Concealment and Tolling" erroneous. *Id*. at pg. 8. The Code section Hild cites in his complaint, § 8.01-229(D), addresses suspension of the statute of limitations when a defendant obstructs the plaintiff from filing the action.

> (D) Obstruction of filing by defendant. — When the filing of an action is obstructed by a defendant's (i) filing a petition in bankruptcy or filing a petition for an extension or arrangement under the United States Bankruptcy Act or (ii) using any other direct or indirect means to obstruct the filing of an action, then the time that such obstruction has continued shall not be counted as any part of the period within which the action must be brought.

*Id*. at § 8.01-229.

10

Under this section, "[a] defendant must intend to conceal the discovery of the cause of action by 'trick or artifice' and must have actually concealed it from the plaintiff for the statutory tolling to apply." *Colgate v. Disthene Grp., Inc.*, 86 Va. Cir. 218, 225 (Va. Cir. 2013) (citing *Newman v. Walker*, 270 Va. 291, 618 S.E.2d 336, 338 (2005)). Allegations of "mere silence" are not sufficient; a plaintiff must allege "active concealment." *Id*. at 338. Hild has not alleged any actions related to Flagstar regarding concealment or obstruction. Thus, tolling does not apply and Hild's December 2025 filing is barred by the statute of limitations. Flagstar is entitled to dismissal on this alternate ground.

## CONCLUSION

For the foregoing reasons, Flagstar respectfully requests entry of an order dismissing Hild's claims against it under Fed. R. Civ. P. 12(b)(6).

                Respectfully submitted,

By: */s/ Wayne Anthony Holman*
Wayne Anthony Holman, Esq. (VSB No.97862)
Stradley Ronon Steven & Young, LLP
2000 K Street, NW, Suite 700 Washington, DC 20006
(P) 202-507-5180
(F) 202-822-0140
wholman@stradley.com


By: */s/ Joseph J. Shannon*
Joseph J. Shannon (P38041)
Fawzeih H. Daher (P82995)
(To be admitted *Pro Hac Vice*)
Bodman PLC
6th Floor at Ford Field
1901 St. Antoine St.
Detroit, MI 48226
Attorneys for Flagstar Bank, N.A.
jshannon@bodmanlaw.com

Dated: January 30, 2026                fdaher@bodmanlaw.com

## CERTIFICATE OF SERVICE

I, Wayne Anthony Holman, hereby certify that on January 30, 2026, I caused the foregoing Motion to Dismiss, Brief in support, and Proposed Order to be filed with the Court and served via the Court's ECF system.

        Respectfully submitted,

By: */s/ Wayne Anthony Holman*
Wayne Anthony Holman, Esq. (VSB No.97862)
Stradley Ronon Steven & Young, LLP
2000 K Street, NW, Suite 700 Washington, DC 20006
(P) 202-507-5180
(F) 202-822-0140
wholman@stradley.com

By:  */s/ Joseph J. Shannon*
Joseph J. Shannon (P38041)
Fawzeih H. Daher (P82995)
(To be admitted *Pro Hac Vice*)
Bodman PLC
6th Floor at Ford Field
1901 St. Antoine St.
Detroit, MI 48226
Attorneys for Flagstar Bank, N.A.
jshannon@bodmanlaw.com
fdaher@bodmanlaw.com

Dated: January 30, 2026