IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| Michael C. Hild, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:25-cv-01050-DJN |
| | ) | |
| Dan Foster, in his individual capacity; | ) | |
| Glen Haddock, in his individual capacity; | ) | |
| Lawrence "Larry" Mattera, Jr., in his | ) | |
| individual capacity; | ) | |
| Bloomberg, L.P.; | ) | |
| Intercontinental Exchange, Inc.; | ) | |
| Industrial and Commercial Bank of China | ) | |
| Limited; | ) | |
| Mirae Asset Securities (USA) Inc.; | ) | |
| Flagstar Bank, FSB; | ) | |
| Customers Bank; | ) | |
| And Does 1-50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT
CUSTOMERS BANK'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

I.    **INTRODUCTION**

By this action, Mr. Hild, a convicted fraudster, seeks to obtain redress for losses to his

business occasioned by the criminal financial fraud for which he was convicted.  He contends

that Defendants, certain former employees of his now-defunct reverse mortgage business, Live

Well Financial, Inc. ("Live Well"), the entities that priced the esoteric bonds Live Well bought

and securitized, and even the financial institutions that lent Live Well money, are liable for

participating in "a coordinated scheme … to destroy" Live Well and thereby harm Hild.  The

First Amended Complaint (the "FAC") includes claims for violation of the Virginia Business

Conspiracy Act, Va. Code §§18.2-499 and 500, common law civil conspiracy, tortious

interference and unjust enrichment and seeks some $900,000,000 in damages.

The FAC suffers from multiple deficiencies and should be dismissed. First, it fails to state a claim over which this Court has subject matter jurisdiction. Second, Plaintiff does not have standing to seek damages for losses suffered by Live Well, which filed for bankruptcy protection and is under the auspices of a trustee who has control of its assets (including any such derivative claims). Third, and in any event, the Complaint does not plead specific facts sufficient, under the applicable pleading standard, to meet the elements of the claims asserted—and cannot ever do so.

For each and all these reasons, the Court should dismiss the FAC with prejudice.

## II.   **BACKGROUND FACTS**

Plaintiff is the former CEO and was the largest shareholder of Live Well, a private company that originated, serviced, and securitized government guaranteed reverse mortgages. Live Well came under investigation by the Securities and Exchange Commission in 2017 and ceased operations in 2019. Hild was indicted in 2019 and was convicted in 2021 of, among other things, criminal securities fraud in connection with what was characterized as a multi-year scheme to fraudulently inflate the value of a portfolio of bonds used as collateral to obtain cash loans; the United States Court of Appeals for the Second Circuit affirmed that conviction in 2025. *See U.S. v. Hild*, 23-6136 (2d. Cir. 2025).

Creditors filed an involuntary Chapter 7 petition against Live Well in 2019. A trustee was appointed to oversee its assets, including any potential claims. *See In re Live Well Financial, Inc.*, 19-bk-1317, D. Del.

Customers Bank, a super-community bank with diversified lending activities, was one of the lenders to Live Well.

III.  **ARGUMENT**

A.  **The Court Lacks Subject Matter Jurisdiction**

The FAC posits federal jurisdiction under both 28 U.S.C. §§ 1331 and 1332(a).  Neither is sufficiently pleaded.

With respect to federal question jurisdiction, the FAC does not allege that any federal statute provides a civil remedy for the wrongs Hild alleges; nor does it identify any specific federal statute sufficiently at issue to confer federal jurisdiction over a state statutory claim.  The mere potential need for an interpretation of federal statutes or regulations, which appears to be the sole basis for the Complaint's invocation of § 1331, is not sufficient.  The Supreme Court has recognized that a case will arise under federal law in "certain . . . state-law claims that implicate significant federal issues."  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  Under this test for arising under, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Id*. at 314.

Courts have consistently interpreted jurisdictional statutes with an 'arising under' qualification, including § 1331, as giving the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006).  Here, the FAC does not provide any explanation of how the resolution of any substantial question of federal law is necessary to the determination of Hild's Virginia statutory claim or his common law claims.

With respect to diversity jurisdiction, the FAC fails to plead the citizenship of any Defendant.  The party asserting diversity jurisdiction bears the burden of establishing the factual predicate for it.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("It is elementary that the burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist"); *see also NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016) ("[t]he party seeking to invoke the district court's diversity jurisdiction always bears the burden of both *pleading* and proving diversity jurisdiction") (emphasis added).  In the absence of any such factual detail, the mere conclusory assertion that "no Defendant is a citizen of Virginia," FAC ¶ 16 is insufficient to satisfy the burden to plead diversity jurisdiction.

Because the Court lacks subject matter jurisdiction, it should dismiss the FAC.

**B.    Plaintiff Has No Standing to Seek Damages for Losses to Live Well**

Despite an effort to correct the language used in the initial Complaint, it is still clear that the FAC seeks damages for Hild's losses as a shareholder of Live Well.  *See* ¶ 61 ("Plaintiff further suffered substantial loss in the value of his personally held equity … associated with Live Well and its anticipated growth trajectory").  But any claims for the company's losses belong to the bankruptcy trustee—not to Hild.  Such claims, because they affect all shareholders equally, would be derivative and accordingly, cannot be brought unless the shareholder has made demand on the company.  *See* Va. Code 13.1-672 et seq.  The FAC does not plead any demand with respect to such damages, and, in any event, the Ch. 7 bankruptcy trustee has control of the company's assets (including any such claim).

Mr. Hild, then, does not have the right to bring any claim seeking damages for the loss of his equity interest in Live Well.

### C.    The Complaint Fails to State a Claim Against Customers Bank

The appropriate pleading standard for considering a motion to dismiss for failure to state a claim upon which relief can be granted is that refined by *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). *See also* Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 8.  Plaintiffs must allege facts that "state a claim to relief that is plausible on its face," i.e., facts that "have nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

#### 1.    Count I – Virginia Business Conspiracy

Virginia Code § 18.2-499 imposes liability on "[a]ny two or more persons who combine, associate, agree, mutually undertake or concert together for the purpose of . . . willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever . . .." Va. Code § 18.2-499.  To prevail under the Act, a plaintiff must prove by clear and convincing evidence the following elements: (1) concerted action; (2) legal malice; and (3) causally related injury. *See Va. Vermiculite Ltd. v. W.R. Grace & Co.-Conn.*, 144 F. Supp. 2d 558, 601 (W.D. Va. 2001), *aff'd on other grounds sub nom., Va. Vermiculite Ltd. v. Historic Green Springs, Inc.*, 307 F.3d 277 (4th Cir. 2002); *see also Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 108 F.3d 522, 526 (4th Cir. 1997).

Virginia courts have consistently held that the Act is designed to provide relief against conspiracies resulting in business-related damages and that a cause of action exists only when malicious conduct is directed at one's business, not one's person. *See, e.g.*, *Andrews v. Ring*, 585 S.E.2d 780, 784 (2003).  Similarly, an individual's professional reputation and stock ownership in his own company have been found to be employment interests that fall outside the scope of

the statutes. *See Inman v. Klockner-Pentaplast of Am., Inc., 467 F. Supp. 2d 642, 654 (W.D. Va. 2006)*. In addition, "[c]onspiracy is not established simply by lumping the defendants" all together because the heart of conspiracy "is an agreement and a conscious decision by each defendant to join it." *SD3, LLC v. Black & Decker (U.S.), Inc.*, 2014 U.S. Dist. LEXIS 96256, at*8 (E.D. Va. 2014).

To survive a motion to dismiss, then, a plaintiff must at least plead the requisite harm and concert of action—and must do so "in more than mere conclusory language." *Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC*, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003) (internal quotation marks omitted). Like fraud, business conspiracy "must be plead with particularity." *Government Employees Ins. Co. v. Google, Inc.*, 330 F.Supp.2d 700, 706 (E.D. Va. 2004). "The heightened pleading standard prevents every business dispute over unfair competition becoming a business conspiracy claim." *Id.* Here, the FAC is bereft of any well-pleaded facts to show that Customers Bank acted in concert with any other Defendant to injure Live Well or that Hild suffered compensable business harm.

The sole allegation related to Customers is both conclusory and vague: it "employed improper methods, including coordinated pricing cessation, operational substitution of Bloomberg pricing through custodian reporting systems, and reliance on that pricing to enforce defaults." *See* FAC ¶¶ 71. In other words, Customers exercised contractual rights when the value of its security dropped because of the new, more accurate pricing. That alleged conduct, legal on its face, is not enough to establish the requisite concert of action. The mere "inclusion of conclusory legal terms ... does not insulate a complaint from dismissal under Rule 12(b) (6) when the facts alleged in the complaint do not support the legal conclusion." *Trigon Ins. Co. v. Columbia Naples Capital, LLC*, 235 F. Supp. 2d 495, 500 (E.D. Va. 2002).

In sum, then, the FAC does not state a claim under the Virginia Business Conspiracy Act. The Court therefore should dismiss Count I.

        2.      Count II -- Common law civil conspiracy

Under Virginia law, a plaintiff must prove four elements to state a prima facie cause of action for common law conspiracy: (i) a combination of two or more persons (ii) to accomplish, by concerted action (iii) a criminal or unlawful purpose or means and (iv) resultant damage caused by the defendant's acts committed in furtherance of the conspiracy. *Commercial Bus. Sys., Inc. v. BellSouth Servs., Inc.*, 453 S.E.2d 261, 267 (1995). Here, Hild has not pleaded specific facts to show Customers Bank's purported involvement in concerted action. The only references to such conduct come in Paragraphs 48 and 71, neither of which pleads any specific facts regarding Customers Bank's conduct and neither of which supports an inference of any criminal or unlawful purpose or means.

Hild has not stated a claim against Customers Bank for civil conspiracy. The Court accordingly should dismiss Count II.

        3.      Count III -- Tortious Interference with Contract

To state a claim under Virginia law for tortious interference with contract, a plaintiff must allege (i) the existence of a valid contractual relationship with another; (ii) defendant's knowledge of that contractual relationship; (iii) defendant's intentional interference causing termination or breach of that contractual relationship; and (iv) that plaintiff has been damaged by that intentional interference. *Chaves v. Johnson*, 335 S.E.2d 97, 102 (1985). Here, although Hild alleges he had side agreements with Live Well regarding guarantee fees, he has not pleaded specific facts regarding Customers Bank's alleged intentional interference with those agreements. Nor can he. The most alleged is that Customers Bank, as a lender, exercised its right to declare defaults under its lending agreement. FAC ¶ 48. That is not enough to state a

claim.  The exercise of a lawful right under an agreement between parties does not constitute the requisite improper means necessary to establish intentional interference.  *Charles E. Brauer Co. v. NationsBank of Va., N.A.*, 466 S.E.2d 382, 387 (1996); *R&D 2001, LLC v. Collins*, No. CI-2005-7021, 2006 Va. Cir. LEXIS 131 (County of Fairfax Cir. Ct. July 12, 2006).

Hild has not stated a claim against Customers Bank for tortious interference with contract.  The Court accordingly should dismiss Count III.

### 4.    Count IV – Tortious Interference with Business Expectancy

Nor has Hild stated a claim under Virginia law against Customers Bank for tortious interference with business expectancy.  Setting aside whether any business expectancy could reasonably be expected to continue in light of the underlying fraud of which plaintiff was convicted—for the same reason set forth above with respect to alleged interference with contract—Hild has not pleaded specific facts regarding Customers Bank's alleged intentional interference with that expectancy.  *Maximus, Inc. v. Lockheed Info. Mgmt. Sys. Co.*, 493 S.E.2d 375, 378 (1997).  The mere conclusory assertion in Paragraph 81 of the FAC simply lacks the required specificity.

The Court accordingly should dismiss Count IV.

### 5.    Count VI – Unjust enrichment

Under Virginia law, to recover unjust enrichment or "quasi contract" damages, a plaintiff must show that: (i) it conferred a benefit on the defendant; (ii) with the reasonable expectation of payment; (iii) the defendant knew or should have known of both the benefit conferred and the expectation of payment; and that (iv) allowing the defendant to accept or retain the benefit without paying for its value would be inequitable.  *Nossen v. Hoy*, 750 F. Supp. 740, 744 (E.D. Va. 1990).  Hild has failed to allege specific facts as against Customers Bank to meet any of these four elements.

For one thing, Hild has not pleaded any facts to show that he, personally, conferred any benefit on Customers Bank; nor has he pleaded any facts to show that he had a reasonable expectation of payment from Customers Bank of any amounts.  For another thing, he has not pleaded any facts to show that Customers Bank knew or should have known of any such benefit or that it would be inequitable for Customers Bank to retain any such benefit.  The only "benefit" Customers Bank received was partial payment from Live Well after it defaulted on its loan and ceased doing business.

In any event, a party may not recover for unjust enrichment when an actual contract exists, *Lane* Construction *Co. v. Brown & Root, Inc.*, 29 F. Supp. 2d 707, 727 (E.D. Va. 1998), *rev'd in part on other grounds*, 207 F.3d 717 (4th Cir. 2000), and the only contract even hinted at in the FAC is the lending agreement that governed the relationship between Customers Bank and Live Well.

The FAC does not plead any facts to support a claim for unjust enrichment.  The Court therefore should dismiss Count VI.

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, Customers Bank respectfully requests that the Court

dismiss the FAC with prejudice.


Dated  February 19, 2026                              Respectfully submitted,

                                                                         /s/
                                                      _____
                                                      Kevin B. Bedell (Va. Bar No. 30314)
                                                      e-mail:  kbbedell@outlook.com
                                                      1309 Capulet Court
                                                      McLean, Virginia  22102
                                                      Tel:  (703) 963-6118

                                                      and

                                                      DORSEY & WHITNEY LLP
                                                      James K. Langdon (MN Bar No. 0171931)
                                                      Admitted Pro Hac Vice
                                                      langdon.jim@dorsey.com
                                                      50 South Sixth Street, Suite 1500
                                                      Minneapolis, MN 55402
                                                      Telephone:  (612) 340-2600
                                                      Facsimile:  (612) 340-2868

                                                      *Attorneys for Defendant Customers Bank*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 19th day of February, 2026, I will electronically file the

foreground with the Clerk of Court using the CM/ECF system, which will then send a notification

of such filing (NEF) to the following:

Michael C. Hild
michaelchristopherhild@gmail.com
2302 East Marshall Street
Richmond, VA 23223

*Plaintiff, pro se*

Jason Ryan Hodge
Nelson Mullins Riley & Scarborough LLP
1021 East Cary Street, Suite 2120
Richmond, VA 23219
jason.hodge@nelsonmullins.com

Anne Elizabeth Beaumont
abeaumont@fklaw.com
Diana Reisman
dreisman@fklaw.com
Friedman Kaplan Seiler Adelman & Robbins LLP (NY-NA)
7 Times Square
New York, NY 10036

*Attorneys for Bloomberg L.P.*

Donald Burke
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006-1238
dburke@willkie.com

Matthew Stephen Freimuth
mfreimuth@willkie.com
Melissa Taustine
mtaustine@willkie.com
Willkie Farr & Gallagher LLP (NY-NA)
787 Seventh Avenue
New York, NY 10019-6099

*Attorneys for Intercontinental Exchange, Inc., ICE Data Pricing & Reference Data LLC, and Christopher Krupa*

Wayne Anthony Holman
Stradley Ronon
2000 K Street NW, Ste 700
Washington, DC 20006
wholman@stradley.com

Joseph Shannon
Bodman PLC (MI-NA)
1901 St. Antoine Street, 6th Floor
Detroit, MI 48226
jshannon@bodmanlaw.com

*Attorneys for Flagstar Bank, FSB*

Susan L Poll Klaessy
Foley & Lardner LLP
321 N. Clark Street, Suite 3000
Chicago, IL 60654
spollklaessy@foley.com

Sam Matthew Koch
Foley & Lardner LLP (NA-NY)
90 Park Avenue
New York, NY 10016
skoch@foley.com

*Attorneys for Dan Foster*

John Komisin
Troutman Pepper Locke LLP
1001 Haxall Point, Suite 1500
Richmond, VA 23219
john.komisin@troutman.com

*Attorneys for Mirae Asset Securities (USA) Inc.*

Adriaen Meredith Morse, Jr.
SECIL Law PLLC

1701 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006
amorse@secillaw.com

*Attorney for Glen Haddock*

       /s/ _____
Kevin B. Bedell (Va. Bar No. 30314)
e-mail:  kbbedell@outlook.com
1309 Capulet Court
McLean, Virginia  22102
Tel:  (703) 963-6118

*Attorney for Defendant Customers Bank*