# Exhibit B

23-6136-cr
*United States v. Hild*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand twenty-five.

**PRESENT:**

    **GUIDO CALABRESI,**
    **MICHAEL H. PARK,**
    **ALISON J. NATHAN,**
        *Circuit Judges.*

_____

**United States of America,**

       *Appellee,*

    v.                                                     No. 23-6136-cr

**Michael Hild,**

       *Defendant-Appellant.*

_____

**FOR DEFENDANT-APPELLANT:**

> BRIAN A. JACOBS (Joshua P. Bussen, *on the brief*), Morvillo Abramowitz Grand Iason & Anello P.C., New York, NY.

**FOR APPELLEE:**

> SCOTT HARTMAN (Hagan Scotten, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Michael Hild appeals from a January 31, 2023 judgment of the United States District Court for the Southern District of New York (Abrams, *J.*) convicting him of securities fraud, wire fraud, and bank fraud, as well as conspiring to do so. The evidence at trial established that Hild and his co-conspirators at Live Well Financial, Inc., where he was Chief Executive Officer,

2

engaged in a multi-year scheme to fraudulently inflate the value of a portfolio of bonds used as collateral to secure cash loans.

On appeal, Hild asks us to reverse his conviction as based on legally insufficient evidence. In the alternative, he argues that he is entitled to a new trial based on erroneous jury instructions, newly discovered evidence, *Brady* violations, the district court's alleged failure to recuse, and ineffective assistance of counsel. We address Hild's sufficiency and charging error challenges in an opinion filed today and his remaining challenges in this summary order. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

I. **Newly Discovered Evidence**

Hild argues that we should grant him a new trial based on newly discovered evidence. He brings two claims to this effect, both of which we reject.

"We review the denial of a Rule 33 motion for a new trial for abuse of discretion." *United States v. James*, 712 F.3d 79, 107 (2d Cir. 2013). "A district court abuses its discretion when (1) its decision rests on an error of law (such as application of the wrong legal principles) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly

3

erroneous factual finding—cannot be located within the range of permissible decisions." *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 772 F.3d 125, 132 (2d Cir. 2014) (cleaned up).

To prevail on a Rule 33 motion based on a claim of newly discovered evidence, the defendant must show "(1) that the evidence is newly discovered after trial; (2) that facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence; (3) that the evidence is material; (4) that the evidence is not merely cumulative or impeaching; and (5) that the evidence would likely result in an acquittal." *James*, 712 F.3d at 107 (cleaned up).

**A. Coupon Payments**

Hild's first claim of newly discovered evidence concerns affidavits from victim lenders that the Government submitted in support of its proposed order of restitution two years after trial. These affidavits show that the lenders have received millions in coupon payments for holding the bonds that Live Well offered as collateral.

As the district court concluded, Hild's claim fails, at a minimum, on the third and fifth prongs of the analysis. At bottom, the amount of the lenders' coupon payments is not material to the issues at trial. The prosecution did not

have to prove actual harm, so whether the lenders lost money is legally irrelevant for Hild's convictions. *See Kousisis v. United States*, 145 S. Ct. 1382, 1392, 1396-97 (2025); *United States v. Litvak*, 808 F.3d 160, 178 (2d Cir. 2015). As this evidence was not material, it was not likely to result in an acquittal.

## B. Bloomberg Evidence

Hild's second claim of newly discovered evidence points to evidence suggesting that one of his co-conspirators, Dan Foster, influenced the Bloomberg market pricing referenced at trial.[1]

The district court found that Hild failed to show that evidence of Foster's involvement in Bloomberg's pricing methodology "could not with due diligence have been discovered before or during trial." *United States v. Alessi*, 638 F.2d 466, 479 (2d Cir. 1980). It explained that "nearly a month before trial," the Government disclosed notes of its interview of Foster, indicating "that that Foster may well have influenced Bloomberg's pricing." *United States v. Hild*, 2024 U.S. Dist. LEXIS 121673, at *11 (S.D.N.Y. July 10, 2024). The notes read as follows:

> Also *still* does consulting for Baird. Advising Bloomberg for HECM questions. Secondly, they give list of bonds that *they request weekly quotes on. DF provides quotes on HMBS, IOs, floaters, inverse Ios.*

---

[1] Foster cooperated with the Government but did not testify at trial.

>Multiple people do this for Bloomberg; DF's is not used *directly* by Bloomberg. Does not know details of their process.

*Id.* (emphasis added by the district court).

With these notes in hand, the court reasoned, Hild could have "with due diligence" uncovered the evidence at issue. *Id.* at *12.

We see no abuse of discretion in the court's conclusion. Taking each of Hild's arguments in turn, it is not true that the district court's interpretation "cannot be squared with the plain text." Appellant Supp. Br. at 19. The notes do not state, as Hild suggests, that Bloomberg did not rely on Foster's notes *at all*, such that they could not have put his trial counsel on notice of the so-called Bloomberg evidence. Nor do the notes suggest that "Foster had only just begun advising Bloomberg in 2021," that is, *after* the 2018-19 period that was the subject of testimony at trial, as opposed to since 2017. *Id.* (cleaned up). To the contrary, the notes say that Foster "*still* does consulting for Baird. Advising Bloomberg for HECM questions," *Hild*, 2024 U.S. Dist. LEXIS 121673, at *11 (emphasis added by the district court), which signals he had been doing this work for some time.

Further, although Hild argues that the Foster notes were "buried" in the Government's 18 U.S.C. § 3500 production, Appellant Supp. Br. at 19, the notes

were disclosed several weeks before trial, on March 19, 2021, seemingly one day after being typed up. And they "appeared within a production of . . . nine documents, none of which was longer than three pages." *Hild*, 2024 U.S. Dist. LEXIS 121673, at *12 n.4. Finally, that Foster "could have avoided the subpoena . . . or refused to testify under the Fifth Amendment (as he did in the civil case)" is not a persuasive basis for finding that, in doing *nothing* at all, Hild acted with due diligence. Appellant Supp. Reply Br. at 8.

Therefore, the district court did not abuse its discretion in denying Hild's Rule 33 motion on either of his claims of newly discovered evidence.[2]

## II. *Brady* Claim

As an alternative argument to his second newly discovered evidence claim, Hild contends that, if the Foster notes were indeed sufficient to put his trial counsel on notice of the Bloomberg evidence, then the Government violated its disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). This argument lacks

---

[2] To the extent Hild argues that the district court also abused its discretion by denying his request for an extension of time to develop evidence of Foster's involvement with Bloomberg, we are similarly unpersuaded. The district court has discretion to extend the applicable three-year filing deadline. FED. R. CRIM. P. 33(b)(1); *id.* 45(b)(1). But when a party moves for such an extension, good cause is required. *Id.* 45(b)(1). Given the above, the district court's conclusion that Hild failed to show good cause given his lack of due diligence was not an abuse of discretion.

merit.

As before, "[w]e review the denial of a Rule 33 motion . . . for abuse of discretion." *James*, 712 F.3d at 107. "To make out a *Brady* violation, a [defendant] must show that material exculpatory or impeachment evidence was suppressed by the state, either willfully or inadvertently. In other words, true *Brady* material must be (1) favorable, (2) suppressed, and (3) prejudicial." *Jimenez v. Stanford*, 96 F.4th 164, 199 (2d Cir. 2024) (cleaned up).

Hild contends that the Government suppressed the Foster notes by failing to disclose them prominently and separately from its § 3500 production. However, "[t]he government's duty to disclose generally does not include a duty to direct a defendant to exculpatory evidence within a larger mass of disclosed evidence." *United States v. Kirk Tang Yuk*, 885 F.3d 57, 86 (2d Cir. 2018) (cleaned up). Nor did the Government "bury[] [the Foster notes] within a production of a voluminous, undifferentiated open case file," which may also violate *Brady*. *Id.* Rather, as we just explained, the notes "appeared within a production of . . . nine documents, none of which was longer than three pages." *Hild*, 2024 U.S. Dist. LEXIS 121673, at *12 n.4.

Hild's reliance on *United States v. Gil*, 297 F.3d 93 (2d Cir. 2002), is misplaced.

8

In *Gil*, we found a *Brady* violation where a particular exculpatory memo was, *inter alia*, (1) delivered to the defense "not even one full business day before trial," (2) "among five reams" of documents, and (3) "listed on page twelve of a 41-page index designating over 600 exhibits." *Id.* at 106. "Although the . . . memo was produced before trial," we explained, "the defense was not in a position to read it, identify its usefulness, and use it." *Id.* Hild's counsel was not in a comparable position.

Accordingly, the district court was right to reject Hild's *Brady* claim.

### III. Recusal

Hild further argues that the district court abused its discretion in failing to recuse because Judge Abrams' spouse is a partner at Davis Polk & Wardwell LLP, a firm that represented two victim lenders and Interactive Data Corporation's parent company. We disagree.

We review the denial of a recusal motion for abuse of discretion. *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007). A federal judge must "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Furthermore, judges must recuse themselves if their "spouse . . . has a financial interest in the subject matter in controversy or in

9

a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." *Id.* § 455(b)(4).

In deciding to remain on the case, the district court reasoned that § 455 did not require recusal because her husband was not personally involved in the representation. This is consistent with our precedent and the Advisory Committee's opinion regarding the nature of large modern law firms like Davis Polk. *See Pashaian v. Eccelston Props., Ltd.*, 88 F.3d 77, 83 (2d Cir. 1996); Committee on Codes of Conduct Advisory Opinion No. 107: Disqualification Based on Spouse's Business Relationships, *in* 2B Guide to Judiciary Policy, at 207 (June 2009).

What Hild really complains about here is the perceived inconsistency in Judge Abrams not recusing in this case despite having recused herself in a previous case for similar reasons. But that case is not before this Court and to find an abuse of discretion because a district judge seems to have chosen differently in superficially similar factual circumstances does not answer the question whether "an objective, informed observer could reasonably question the judge's impartiality." *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000).

Therefore, we perceive no abuse of discretion in the district court's declining

to recuse.[3]

## IV. Ineffective Assistance of Counsel

Hild's final argument is that he is entitled to a new trial because his counsel's failure to connect the Foster notes to the Bloomberg evidence amounted to constitutionally ineffective assistance at trial. That claim was not briefed below, so we decline to reach it here. Instead, it is best raised on collateral review. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (observing that "in most cases," a § 2255 motion "is preferable to direct appeal for deciding claims of ineffective assistance"). We affirm the district court on Hild's remaining ineffective assistance claims for the reasons stated in that thorough and careful decision.

\* \* \*

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



---

[3] Since we largely reject Hild's claims of conviction error, we also reject his argument that the "cumulative prejudice" of the alleged errors deprived him of a fair trial. *United States v. Certified Env't Servs., Inc.*, 753 F.3d 72, 95 (2d Cir. 2014).