**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| Michael C. Hild, | |
| Plaintiff, | |
| v. | Civil Action No. 3:25-cv-01050-DJN |
| Dan Foster, Glen Haddock, Lawrence "Larry" Mattera, Jr., Christopher Krupa, Bloomberg L.P., Intercontinental Exchange Inc., Industrial and Commercial Bank of China Limited, Mirae Asset Securities (USA) Inc., Flagstar Bank, FSB, Customers Bank, and Does 1-50, | |
| Defendants. | |

<u>**DEFENDANT DAN FOSTER'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION TO DISMISS PLAINTIFF MICHAEL HILD'S COMPLAINT**</u>

# TABLE OF CONTENTS

PREIMINARY STATEMENT ................................................................................... 1

BACKGROUND FACTS ...................................................................................... 3

LEGAL STANDARD .......................................................................................... 4

ARGUMENT ...................................................................................................... 5

    I.  Plaintiff's First Amended Complaint Must Be Dismissed Because He Fails to Plead Facts Upon Which Subject Matter Jurisdiction May Be Based .......................... 5

    II.  Plaintiff Does Not Have Standing to Bring His First Amended Complaint ................. 7

    III.  Plaintiff's First Amended Complaint Must Be Dismissed Because He Fails to State a Claim ................................................................................................. 10

        a.  Plaintiff Fails to State a Claim for Statutory or Common Law Conspiracy Against Mr. Foster ........................................................ 11

        b .  Plaintiff Fails to Adequately Plead Tortious Interference with Contract and Tortious Interference with Business Expectancy ...................................... 13

        c.  Plaintiff's Unjust Enrichment Claim is Time-Barred and Inadequately Pleaded ................................................................................................. 16

    IV.  Because Leave to Amend Would Be Futile, Dismissal with Prejudice is Proper ................................................................................................... 18

CONCLUSION .................................................................................................. 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adkins v. Whole Foods Mkt. Grp., Inc.*,
No. 1:16-CV-00031, 2016 WL 1367170 (E.D. Va. Apr. 5, 2016) ................................................. 5

*AdvanFort Co. v. Int'l Registries, Inc.*,
No. 1:15-CV-220, 2015 WL 2238076 (E.D. Va. May 12, 2015)............................................. 14

*Almy v. Grisham*,
639 S.E.2d 182 (2007)........................................................................................................... 12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................................ 4

*Bay Tobacco, LLC v. Bell Quality Tobacco Prods.*, LLC,
261 F. Supp. 2d 483 (E.D. Va. 2003)..................................................................................... 11

*Beasley v. FV-I, Inc.*,
No. 1:13–cv–116, 2013 WL 1192018 (E.D. Va. Mar. 21, 2013)............................................. 12

*Beck v. McDonald*,
848 F.3d 262 (4th Cir. 2017) .................................................................................................... 9

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................................... 4, 17

*Brainware, Inc. v. Mahan*,
808 F. Supp. 2d 820 (E.D. Va. 2011)..................................................................................... 16

*Caterpillar, Inc. v. Williams*,
482 U.S. 386 (1987) ................................................................................................................. 6

*Cozzarelli v. Inspire Pharms. Inc.*,
549 F.3d 618 (4th Cir. 2008) .................................................................................................. 18

*Dixon v. Coburg Dairy, Inc.*,
369 F.3d 811 (4th Cir. 2004) .................................................................................................... 6

*Dunlap v. Cottman Transmission Sys.*, LLC,
287 Va. 207 (2014) ................................................................................................................ 16

*Eurotech, Inc. v. Cosmos Eur. Travels Aktiengesellschaft*,
189 F. Supp. 2d 385 (E.D. Va. 2002)..................................................................................... 14

*Field v. GMAC LLC*,
   660 F. Supp. 2d 679 (E.D. Va. 2008) ...................................................................... 12

*Firestone v. Wiley*,
   485 F. Supp. 2d 694 (E.D. Va. 2007) .............................................................. 12, 17

*Food & Drug Admin. v. All. for Hippocratic Med.*,
   602 U.S. 367 (2024) ....................................................................................... 7

*Garraghty v. Virginia Ret. Sys.*,
   200 F. App'x 209 (4th Cir. 2006) ................................................................. 5, 7

*Goulmamine v. CVS Pharmacy, Inc.*,
   138 F. Supp. 3d 652 (E.D. Va. 2015) ................................................................ 15

*Hannibal v. Fed. Express Corp.*,
   266 F. Supp. 2d 466 (E.D. Va. 2003) ................................................................. 6

*Harper Hardware Co. v. Powers Fasteners, Inc.*,
   No. Civ. A 3:05CV799, 2006 WL 141672, *2 (E.D. Va. Jan 19, 2006) .................................. 12

*Iron Workers Loc. 16 Pension Fund v. Hilb Rogal & Hobbs Co.*,
   432 F. Supp. 2d 571 (E.D. Va. 2006) ................................................................ 18

*Johnson v. Kaugars*,
   14 Va. Cir. 172 (Va. Cir. 1988) ..................................................................... 12

*Keepe v. Shell Oil Co.*,
   220 Va. 587, 260 S.E.2d 722 (Va.1979) ............................................................... 8

*Landmark Communications, Inc. v. Macione*,
   230 Va. 137 (Va.1985) ................................................................................ 7

*Lightfoot v. Richmond Pub. Schs.*,
   No. 3:16CV910, 2017 WL 3476224 (E.D. Va. Aug. 11, 2017) ............................................. 13

*Lokhova v. Halper*,
   441 F. Supp. 3d 238 (E.D. Va. 2020) ................................................................ 15

*Martin v. Lagualt*,
   315 F. Supp. 2d 811 (E.D. Va. 2004) ................................................................. 7

*Masco Contractor Servs. East, Inc. v. Beals*,
   279 F. Supp. 2d 699 (E.D. Va. 2003) ...................................................... 13, 14, 15

*Mullins v. First Nat'l Exchange Bank*,
   275 F.Supp. 712 (W.D.Va.1967) ....................................................................... 8

*Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*,
  187 F.3d 439 (4th Cir. 1999) ................................................................ 10

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
  591 F.3d 250 (4th Cir. 2009) ................................................................ 4

*Percival Partners Ltd. v. Nduom*,
  No. 1:22-CV-16 (RDA/WEF), 2023 WL 2088421 (E.D. Va. Feb. 17, 2023) ........................ 5, 6

*Peterson v. Cooley*,
  142 F.3d 181 (4th Cir. 1998) ................................................................ 13

*Reimer v. LexisNexis Risk Sols., Inc.*,
  No. 3:22CV153(DJN), 2022 WL 4227231 (E.D. Va. Sept. 13, 2022) ........................ 9

*RMS Tech., Inc. v. TDY Indus., Inc.*,
  64 F. App'x 853 (4th Cir. 2003) ................................................................ 17

*Schlegel v. Bank of Am., N.A.*,
  505 F. Supp. 2d 321 (W.D. Va. 2007) ................................................................ 11, 12

*Seale & Assocs., Inc. v. Ingersoll-Rand Co.*,
  No. 1:15-cv-01282-GBL-IDD, 2016 WL 4435083, *9 (E.D. Va. Aug. 16, 2016) .................. 16

*Semida v. Rice*,
  863 F.2d 1156 (4th Cir.1988) ................................................................ 8

*Sheppheard v. Morrisey*,
  143 F.4th 232 (4th Cir. 2025) ................................................................ 10

*Steyr–Daimler–Puch of Am. Corp. v. Pappas*,
  852 F.2d 132 (4th Cir.1988) ................................................................ 10

*SunTrust Bank v. Vill. at Fair Oaks Owner, LLC*,
  766 F. Supp. 2d 686 (E.D. Va. 2011) ................................................................ 5

*Travelers Cas. &Sur. Co. v. Danai*,
  No. 05-356, 2005 WL 2045398 (E.D. Va. Aug. 22, 2005) ................................................ 18

*VA C 12266 Jefferson, LLC v. Mattress Warehouse Inc.*,
  No. 4:14CV34, 2014 WL 5311453 (E.D. Va. Oct. 16, 2014) ................................................ 6

## Statutes

28 U.S.C. §1331 ................................................................ 5, 6

28 U.S.C. § 1332 ................................................................ 5, 6

28 U.S.C. § 1367 ................................................................ 7

28 U.S.C. § 1367(a) ............................................................................................. 7

U.S. Const. art. III ....................................................................................... 7, 9, 10

**Rules**

Fed. R. Civ. P. 12(b)(1) ....................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ....................................................................................... 4

Defendant Dan Foster ("Defendant" or "Mr. Foster"), by and through his attorneys, Foley & Lardner LLP, hereby submits this Memorandum of Law in Support of his Motion to Dismiss Plaintiff Michael Hild's ("Plaintiff" or "Mr. Hild") First Amended Complaint (ECF No. 46, "Compl.") as to Dan Foster, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff Michael Hild was convicted of securities fraud, wire fraud, bank fraud and conspiracy to commit fraud in 2021 based upon his conduct as CEO of Live Well Financial, Inc. ("Live Well"). *See United States of America v. Michael Hild* (S.D.N.Y. Case No. 1:19-cr-00602-RA) (Second Circuit Court of Appeals Case No. 23-6136). Since the time of his conviction, Plaintiff has conducted a relentless campaign to try to force others, including Defendant Dan Foster, to pay the price for Mr. Hild's actions based on legally and factually untenable conspiracy theories, including in the ongoing Live Well bankruptcy proceeding in the U.S. Bankruptcy Court for the District of Delaware. *See In re Financial, Inc.* (Bankr. D. Del. Case No. 19-11317 (LLS)) This litigation is yet another strained attempt to unjustifiably pass the buck to Mr. Foster and others.

The factual allegations against Mr. Foster in Mr. Hild's First Amended Complaint could not be more sparce. Indeed, the only thing Mr. Hild alleges Mr. Foster did was supply "pricing inputs" to co-defendant Bloomberg L.P. Even if taken as true for purposes of this motion to dismiss, Mr. Hild's scant allegations against Mr. Foster fall dramatically short of stating a claim upon which relief can be granted.

Indeed, each of the five causes of action levied against Mr. Foster in Plaintiff's First Amended Complaint fail for multiple independent reasons. As an initial matter, Plaintiff fails to demonstrate, as it must, that this Court has subject matter jurisdiction over the First Amended

Complaint because Mr. Hild fails to plead the citizenship of the parties to demonstrate diversity jurisdiction or that federal question jurisdiction exists. Plaintiff's First Amended Complaint also cannot move beyond the motion to dismiss stage because Mr. Hild does not have standing as he does not, because he cannot, demonstrate that the alleged injuries were suffered by *him*, as opposed to Live Well, nor does he demonstrate that any such injuries were caused by Mr. Foster.

Even if, *arguendo*, Mr. Hild adequately pleaded subject matter jurisdiction and Mr. Hild had standing, neither of which is true, the First Amended Complaint should still be dismissed as to Mr. Foster because Plaintiff fails to plead each of the five causes of action against Mr. Foster. Mr. Hild's claims for Virginia Business Conspiracy and common law conspiracy cannot survive because Mr. Hild does not plead any of the elements of a conspiracy claim – he does not plead concerted activity between Mr. Foster and other defendants; he does not plead any legal malice or unlawful purpose on behalf of Mr. Foster; he does he plead an underlying tort; nor does he plead a causal link between Mr. Foster's alleged actions and Plaintiff's alleged damages. Each of these failures alone provides grounds to dismiss Mr. Hild's conspiracy claims against Mr. Foster. Together, they lay bare the complete inadequacy of the First Amended Complaint and further underscore why any attempt to replead would be futile.

Mr. Hild's tortious interference with contract and tortious interference with business expectancy claims fare no better. Mr. Hild does not adequately plead the existence of a contract or a business expectancy, Mr. Foster's knowledge of any such contract or business relationship, intentional interference by Mr. Foster, intentional interference employed by improper methods (necessary for pleading tortious interference with a business expectancy), or resultant damage to Mr. Hild. Like for his conspiracy claims, leave to replead Mr. Hild's tortious interference claims would be futile, particularly in light of the fact that any alleged monetary damages stem from Live

Well's downfall which, as the District Court for the Southern District of New York and Second Circuit Court of Appeals have concluded in no uncertain terms, resulted from Mr. Hild's own conduct, thereby preventing any possibility of demonstrating that Mr. Foster was the cause.

Plaintiff's unjust enrichment claim against Mr. Foster is barred by the three-year statute of limitations, further warranting dismissal *with prejudice*. Mr. Hild's unjust enrichment claim also fails because he, once again, fails to plead *any* of the elements of a cause of action for unjust enrichment against Mr. Foster – that Mr. Hild conferred a benefit upon Mr. Foster; that Mr. Foster knew that Mr. Hild conferred a benefit upon him; or that Mr. Foster accepted or retained that benefit under inequitable circumstances.

In addition to the overwhelming weaknesses of Mr. Hild's claims, Mr. Foster respectfully requests that this Court dismiss Plaintiff's First Amended Complaint against him *with prejudice* because Mr. Hild has already had two full opportunities to plead his claims (let alone the other collateral attempts to pin blame on Mr. Foster in Mr. Hild and Live Well's criminal and bankruptcy proceedings).

## **BACKGROUND FACTS**

On December 23, 2025, Plaintiff commenced this action by filing a Complaint asserting a single cause of action for Virginia Business Conspiracy against Mr. Foster, Glenn Haddock, Lawrence "Larry" Mattera, Jr., Christopher Krupa, Bloomberg L.P., Intercontinental Exchange, Inc., Industrial and Commercial Bank of China Limited, Mirae Asset Securities (USA) Inc., Flagstar Bank, FSB, Customers Bank, and Does 1-50. ECF No. 1.

On February 2, 2026, Plaintiff filed his First Amended Complaint. ECF No. 46. Plaintiff simultaneously filed a Citizenship Disclosure Statement that states each Defendant is not a citizen of Virginia but does not affirmatively state each Defendant's citizenship. ECF No. 47. In the First

Amended Complaint, Plaintiff asserts five claims against Defendant Foster: Virginia Business Conspiracy (Count I), Common Law Civil Conspiracy (Count II), Tortious Interference with Contract (Count III), Tortious Interference with Business Expectancy (Count IV), and Unjust Enrichment (Count VI).[1] Mr. Hild bases the entirety of his First Amended Complaint against Mr. Foster on the sole allegation that Mr. Foster provided pricing inputs to Bloomberg and that the pricing inputs supplied by Mr. Foster to Bloomberg purportedly caused Bloomberg to "generate and publish prices for HREMIC IO bonds, including HREMIC IO bonds held by Life Well, once IDC ceased providing pricing." First Amended Complaint, ¶ 44.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while the Court treats well-pleaded factual allegations as true, bare allegations, labels, legal conclusions, and/or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Iqbal*, 556 U.S. at 678; *see also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007). Although courts accept all well-pleaded facts as true at the motion to dismiss stage, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" do not count. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Courts do not need to consider "unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

"Although federal courts hold pro se complaints 'to less stringent standards than formal pleadings drafted by lawyers,' this does not excuse 'a clear failure in the pleading to allege a

---

[1] Plaintiff also asserts a claim for Aiding and Abetting (Count V) only as to Bloomberg L.P. and Intercontinental Exchange, Inc.

federally cognizable claim.'" *Adkins v. Whole Foods Mkt. Grp., Inc.*, No. 1:16-CV-00031, 2016 WL 1367170, at *2 (E.D. Va. Apr. 5, 2016) (citations and quotations omitted).

Additionally, "a federal court must dismiss a case whenever it appears that it lacks subject matter jurisdiction." *Garraghty v. Virginia Ret. Sys.*, 200 F. App'x 209, 211 (4th Cir. 2006).

## ARGUMENT

**I. Plaintiff's First Amended Complaint Must Be Dismissed Because He Fails to Plead Facts Upon Which Subject Matter Jurisdiction May Be Based.**

As a threshold matter, Plaintiff's First Amended Complaint must be dismissed because this Court lacks subject matter jurisdiction. The burden of adequately pleading subject matter jurisdiction lies "squarely with the plaintiff." *SunTrust Bank v. Vill. at Fair Oaks Owner, LLC*, 766 F. Supp. 2d 686, 688 (E.D. Va. 2011). A federal court has subject matter jurisdiction over civil cases (i) "arising under the Constitution, laws, or treaties of the United States" ("federal question jurisdiction"); or (ii) in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which complete diversity of citizenship exists between the parties ("diversity jurisdiction"). 28 U.S. Code §§ 1331, 1332. Plaintiff alleges the Court has subject matter jurisdiction in two ways: 1) pursuant to 28 U.S.C. § 1332 "because [Plaintiff] is a citizen of the Commonwealth of Virginia, no Defendant is a citizen of Virginia, and the amount in controversy exceeds $75,000, exclusive of interest and costs" and 2) in the alternative, pursuant to 28 U.S.C. § 1331 "because Plaintiff's claims necessarily raise substantial and disputed issues concerning securities pricing, broker-dealer duties, and market-data publication." Compl. ¶¶ 16-17. Both attempts to plead subject matter jurisdiction fail.

To adequately plead subject matter jurisdiction based on diversity of citizenship of the parties under 28 U.S. Code § 1332, Plaintiff must ***affirmatively*** plead the citizenship of each party. *Percival Partners Ltd. v. Nduom*, No. 1:22-cv-16 (RDA/WEF), 2023 WL 2088421, at *5 (E.D.

Va. Feb. 17, 2023), aff'd, 99 F.4th 696 (4th Cir. 2024) (concluding that plaintiffs failed to satisfy their burden of establishing diversity of citizenship where the Amended Complaint merely alleges that plaintiffs are not citizens of certain states); *VA C 12266 Jefferson, LLC v. Mattress Warehouse Inc.*, No. 4:14cv34, 2014 WL 5311453, at *3 (E.D. Va. Oct. 16, 2014) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties"). Pleading a negative, *i.e.* precisely what Plaintiff has done in the First Amended Complaint by only stating that "no Defendant is a citizen of Virginia," is insufficient. *Percival*, 2023 WL 2088421, at *5. As such, Plaintiff has failed to adequately plead facts upon which diversity jurisdiction may be based.

To adequately plead subject matter jurisdiction based on the assertion that Plaintiff's state law claims raise questions of federal law under 28 U.S. Code § 1331, Plaintiff "must establish two things: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Hannibal v. Fed. Express Corp.*, 266 F. Supp. 2d 466, 469 (E.D. Va. 2003) (citing *Caterpillar, Inc.*, 482 U.S. at 392, 107 S.Ct. 2425). Plaintiff fails to establish federal question jurisdiction by merely pleading that "Plaintiff's claims necessarily raise substantial and disputed issues concerning securities pricing, broker-dealer duties, and market-data publication." Compl. ¶ 17. Indeed, Plaintiff "does not cite any federal statute, nor mention any federal common law cause of action." *Id.* (finding no federal question is presented on the face of plaintiff's complaint).

Plaintiff's conclusory allegation that his claims raise issues "concerning securities pricing,

broker-dealer duties, and market-data publication" does not implicate federal law at all or establish federal law as a necessary element of his state claims. *See Martin v. Lagualt*, 315 F. Supp. 2d 811, 814 (E.D. Va. 2004) ("When a claim arises under state law, "federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a *necessary element* of one of the well-pleaded state law claims.") (emphasis in original) (finding plaintiff failed to establish federal question jurisdiction in complaint alleging state claims). As such, Plaintiff has failed to plead federal question jurisdiction.

Accordingly, this Court must dismiss the First Amended Complaint for lack of subject matter jurisdiction.[2] *See Garraghty v. Virginia Ret. Sys.*, 200 F. App'x 209, 211 (4th Cir. 2006) ("[A] federal court must dismiss a case whenever it appears that it lacks subject matter jurisdiction").

## II.     Plaintiff Does Not Have Standing to Bring His First Amended Complaint.

Plaintiff's First Amended Complaint must be dismissed for the additional reason that the claims Plaintiff asserts actually belong to Live Well. To establish standing pursuant to Article III of the United States Constitution, "a plaintiff must demonstrate (i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." *Food & Drug Admin. v. All. for Hippocratic Med.,* 602 U.S. 367, 368 (2024). Under Virginia law, a shareholder does not have standing to recover for injuries to the corporation. *See Landmark Commc'ns, Inc. v.*

---

[2] Plaintiff also alleges "[t]his Court has supplemental jurisdiction under 28 U.S.C. § 1367 over related state-law claims." Compl. ¶ 18. 28 U.S.C. § 1367 provides that "in any civil action *of which the district courts have original jurisdiction*, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). All of Plaintiff's claims, however, are state law claims and as explained above, Plaintiff has failed to establish either diversity or federal question jurisdiction. Thus, the Court does not have original jurisdiction and 28 U.S.C. § 1367 is inapplicable.

*Macione*, 230 Va. 137, 140 (Va. 1985) ("[A] corporation, as owner and operator of a business, is itself the only person entitled to recover for injuries to its business, profits, or property."); *Keepe v. Shell Oil Co*., 220 Va. 587, 260 S.E.2d 722, 724 (Va. 1979); *see also Semida v. Rice*, 863 F.2d 1156, 1161 (4th Cir. 1988) (applying Virginia law and holding that an individual lacked standing to assert a tortious interference with contract claim that asserted interference with his corporation's contract); *Mullins v. First Nat'l Exchange Bank*, 275 F.Supp. 712, 721 (W.D. Va. 1967) (noting, in a tort action under Virginia law, that "[t]he rule is that an officer or a shareholder of a corporation, even if he is the sole shareholder, has no personal or individual right of action against third parties for a wrong or injury inflicted by those third parties upon the corporation").

As apparent from the allegations in Plaintiff's Complaint and First Amended Complaint, Plaintiff's allegations, in sum and substance, are that Plaintiff was a shareholder of Live Well and as a result of Live Well's collapse, he was harmed. Plaintiff alleges that Mr. Foster supplied pricing to Co-Defendant Bloomberg that "was being used as a substitute pricing source to justify defaults and enforcement actions ***against Live Well***" and that the pricing related to "bonds ***held by Live Well***" and that Defendants' purported conduct "***forced Live Well*** into bankruptcy." Amended Complaint, ¶¶ 30, 44, 48 (emphases added). Thus, the crux of Plaintiff's allegations is the loss of value of *Live Well*. In an attempt to end-run around this issue, Plaintiff states in a conclusory fashion that he "does not assert claims belonging to Live Well" and vaguely alleges that he has suffered reputational and economic damage and had "guarantee-fee agreements" with Live Well that were terminated as a result of Defendants' conduct. First Amended Complaint, ¶¶ 21-29. Plaintiff does not, however, make any claims for breach of contract and instead continues to assert damages for claims that can only plausibly be interpreted as belonging to Live Well.

Moreover, the injury Plaintiff purports to have suffered lacks the requisite specificity for pleading an injury-in-fact under Article III. "[A]s the Supreme Court has emphasized repeatedly, an injury-in-fact must be concrete in both a qualitative and temporal sense. The complainant must allege an injury to himself that is distinct and palpable, as opposed to merely abstract." *Beck v. McDonald*, 848 F.3d 262, 271 (4th Cir. 2017) (internal quotation marks and citations omitted). Here, Plaintiff merely pleads that Defendants' conduct resulted in "lost contractual guarantee-fee income, loss of future earning capacity, restitution-related enforcement harm, reputational and professional destruction, and other consequential damages, including direct personal economic injury associated with the loss in value of Plaintiff's personally held equity and contractual economic interests," without explanation as to the relevant provisions of the purported guarantee-fee contracts, the term of the purported guarantee-fee contracts, what "restitution-related enforcement harm" entails, how Plaintiff's reputation was concretely injured, or what other "contractual economic interests" Plaintiff refers to. Thus, Plaintiff's allegation of damages is insufficient to confer injury-in-fact under Article III. *See Reimer v. LexisNexis Risk Sols., Inc.*, No. 3:22cv153(DJN), 2022 WL 4227231, at *8 (E.D. Va. Sept. 13, 2022) ("Mere boilerplate claims with no detail do not suffice to satisfy the requirements for injury-in-fact.") (holding Plaintiff's general allegation of "loss of credit" and "emotional distress" with no specific factual support was insufficient to confer injury-in-fact under Article III).

In addition, Plaintiff has not pleaded that *he* has suffered an injury-in-fact, but even if he did, he certainly has not sufficiently pleaded that any such injury was caused by, or is fairly traceable to, Mr. Foster. "[T]raceability is not met when an injury results from the independent action of some third party not before the court. When multiple actors are involved, a plaintiff can establish causation only if the defendant's conduct had a determinative or coercive effect upon the

action of someone else." *Sheppheard v. Morrisey*, 143 F.4th 232, 249 (4th Cir. 2025) (internal quotation marks and citations omitted) (finding Appellants "failed to make sufficient factual allegations to support the traceability and redressability elements of Article III standing" where Appellee was not the cause of Appellants' injuries). Here, as described above, all of Plaintiff's allegations and purported injuries center around Live Well's downfall, which was caused by fraud conducted by Plaintiff himself and other non-parties, as definitively demonstrated by the criminal action against Mr. Hild and his resulting conviction, as well as the filings in the Live Well bankruptcy proceeding. Thus, Plaintiff fails to adequately plead traceability as required to have standing.

Indeed, Live Well was placed into involuntary Chapter 7 bankruptcy in 2019, further stripping Plaintiff of any right to bring claims on behalf of the company as any claims belong to the bankruptcy trustee. *Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999) ("If a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim.") (citing *Steyr–Daimler–Puch of Am. Corp. v. Pappas*, 852 F.2d 132, 136 (4th Cir.1988)).

Accordingly, Plaintiff lacks standing to assert his claims and his First Amended Complaint must be dismissed for this additional independent reason.

### III. Plaintiff's First Amended Complaint Must Be Dismissed Because He Fails to State a Claim.

Even if Plaintiff adequately pleaded subject matter jurisdiction (which he did not), or had standing (which he does not), the First Amended Complaint must be dismissed because Mr. Hild fails to state a claim upon which relief can be granted for each of his five counts against Mr. Foster.

### a. Plaintiff Fails to State a Claim for Statutory or Common Law Conspiracy Against Mr. Foster.

Plaintiff fails to plead a statutory or common law conspiracy claim against Mr. Foster. To state a claim for Virginia Business Conspiracy, a plaintiff must allege: "(1) concerted action; (2) legal malice; and (3) causally related injury." *Schlegel v. Bank of Am., N.A.*, 505 F. Supp. 2d 321, 325 (W.D. Va. 2007). Similarly, under Virginia common law, "a civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means." *Bay Tobacco, LLC v. Bell Quality Tobacco Prods.*, LLC, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003). Notably, Virginia Business Conspiracy has a heightened pleading standard and must be pleaded with particularity in order to prevent every business dispute from becoming a business conspiracy claim. *Schlegel*, 505 F. Supp. at 329. Plaintiff fails to adequately plead any of the requisite elements for a claim of statutory business conspiracy or common law conspiracy, let alone meet the heightened pleading standard required for business conspiracy.

Regarding the first element of both statutory and common law conspiracy, Plaintiff fails to allege any facts demonstrating a *concerted* action on behalf of Mr. Foster and other Defendants *together*. "Under either theory of recovery, the Plaintiff must first allege that the defendants combined together to effect a preconceived plan and unity of design and purpose, for the common design is the essence of the conspiracy. . . . Consequently, in order to survive a motion to dismiss, Plaintiff must at least plead the requisite concert of action and unity of purpose in more than mere conclusory language." *Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC*, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003) (citations and quotations omitted).

Here, the totality of Plaintiff's allegations against Mr. Foster are that Mr. Foster merely provided "pricing inputs" to Defendant Bloomberg L.P. Compl. ¶¶ 30-34, 40, 44. Plaintiff does not

allege any facts as to how Mr. Foster and Bloomberg, or any of the other Defendants, came to an agreement to conspire or what such an agreement entailed. Thus, Plaintiff falls far short of pleading concerted action with the requisite specificity to survive a motion to dismiss. *See Schlegel v. Bank of Am.*, N.A., 505 F. Supp. 2d 321, 327 (W.D. Va. 2007) (dismissing action under the Virginia business conspiracy statute where "Plaintiff simply has not alleged any facts that would allow the court to infer that [one defendant] and the [other defendant] acted together"); *see, also Beasley v. FV-I, Inc.*, No. 1:13–cv–116, 2013 WL 1192018, at *5 (E.D. Va. Mar. 21, 2013) (citations omitted) (Virginia requires a plaintiff to allege "some details of time and place and the alleged effect of the conspiracy."); *see, also Harper Hardware Co. v. Powers Fasteners, Inc.*, No. Civ. A. 3:05CV799, 2006 WL 141672, at *5 (E.D. Va. Jan. 19, 2006) ("plaintiff provides no additional details with regard to the identities or roles of these alleged co-conspirators and "no factual basis to discern the method of the alleged conspiracy or how it was carried out."); *Field v. GMAC LLC*, 660 F. Supp. 2d 679, 689 (E.D. Va. 2008); *see, also Johnson v. Kaugars*, 14 Va. Cir. 172, 176 (Va. Cir. 1988) ("[I]t is not enough merely to state that a conspiracy took place.").

In addition to failing to plead concerted action, Plaintiff's conspiracy claim also fails because it does not sufficiently allege legal malice or unlawful purpose. The First Amended Complaint is completely devoid of any facts to suggest that Mr. Foster acted intentionally and purposefully to cause harm to Plaintiff or Plaintiff's business. This even further dooms Plaintiff's conspiracy claims. *See Schlegel v. Bank of Am., N.A.*, 505 F. Supp. 2d 321, 328–29 (W.D. Va. 2007).

Both claims of conspiracy also require "proof that the underlying tort was committed." *Firestone v. Wiley*, 485 F. Supp. 2d 694, 703 (E.D. Va. 2007) (quoting *Almy v. Grisham*, 639 S.E.2d 182, 189 (2007)). Thus, where "there is no actionable claim for the underlying alleged wrong, there

can be no action for civil conspiracy based on that wrong." *Id*. (citations omitted) (dismissing civil conspiracy claim where plaintiff failed to assert any viable claim against defendants for breach of fiduciary duties). As detailed below, Plaintiff fails to plead any viable tort and, therefore, fails to plead any viable claim for conspiracy based on those torts.

Plaintiff also fails to plead causally related injury. Plaintiff merely states in a conclusory fashion that "Defendants' conduct" has caused him damages exceeding $900 million, without further explanation as to how Mr. Foster caused such damages. Compl. ¶¶ 61-68. This is precisely the type of threadbare conclusory pleading that is insufficient to survive a motion to dismiss.

As such, Plaintiff's Virginia business conspiracy and common law conspiracy claims cannot make it past the motion to dismiss stage for multiple independent reasons.

> **b. Plaintiff Fails to Adequately Plead Tortious Interference with Contract and Tortious Interference with Business Expectancy.**

Plaintiff also fails to plead tortious interference with contract and tortious interference with business expectancy. The elements of tortious interference with contract are "(1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of that contractual relationship or business expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted." *Lightfoot v. Richmond Pub. Schs.*, No. 3:16cv910, 2017 WL 3476224, at *3 (E.D. Va. Aug. 11, 2017), aff'd, 729 F. App'x 273 (4th Cir. 2018). "Failure to allege any specific, existing economic interest is fatal to the claim." *Masco Contractor Servs. East, Inc. v. Beals*, 279 F. Supp. 2d 699, 709 (E.D. Va. 2003). "Additionally, when alleging tortious interference with an expectancy rather than with an actual contract, a plaintiff must show that the defendant interfered by employing improper methods." *Peterson v. Cooley*, 142 F.3d 181, 186 (4th Cir. 1998). Like his claims for conspiracy, Plaintiff's

claims for tortious interference with contract and tortious interference with business expectancy fail for multiple reasons.

First, Plaintiff does not adequately plead the existence of a particular and viable contract or business expectancy, preventing his tortious interference claims from even making it out of the starting blocks. Plaintiff merely alleges that "Plaintiff had valid contractual relationships, including guarantee-fee agreements" but does not plead a specific contract or any factual support as to the parties to such a specific contract, the relevant provisions and terms of such a specific contract, or Plaintiff's expected benefit under such a specific contract. Plaintiff's allegation that references a broad category of purported agreements, rather than a specific agreement, is fatal to both of his tortious interference claims. *See AdvanFort Co. v. Int'l Registries, Inc.*, No. 1:15-cv-220, 2015 WL 2238076, at *4 (E.D. Va. May 12, 2015), amended on reconsideration, No. 1:15-CV-220, 2015 WL 4254988 (E.D. Va. July 13, 2015) ("Plaintiffs have failed to identify any *specific* contract or business expectancy with which Defendants have allegedly interfered, and instead only allege that they had 'had contractual relationships with *various customers* who were Marshall Island flagged vessels, vessel owners and operators, and had contractual relationships with their employees and contractors who worked in service of those contracts.' They have therefore failed to allege facts sufficient to satisfy the first element of both Counts III and IV—the existence of a valid contractual relationship or business expectancy."); *see, also Eurotech, Inc. v. Cosmos Eur. Travels Aktiengesellschaft*, 189 F. Supp. 2d 385, 391 (E.D. Va. 2002) ("Because plaintiffs do not identify the specific business relationships with which defendant has interfered, plaintiffs' tortious interference claim fails.").

*Masco Contractor Servs. E., Inc. v. Beals*, 279 F. Supp. 2d 699, 710 (E.D. Va. 2003) is instructive here. In *Masco*, the court granted plaintiff's motion to dismiss defendant's tortious

interference counterclaim because the defendant "does not allege the existence of a valid contractual relationship, business relationship, or business expectancy" and "makes absolutely no mention of any particular contract." *Id.* Further, the court in *Masco* found that "the only 'business expectancy' reasonably inferred from its allegations is the ***general expectancy to remain in business***. As stated above, proof of interference with this general expectancy would not be sufficient to succeed on a claim of tortious interference." *Id. (*emphasis added*).*

Here, as in *Masco*, Plaintiff makes absolutely no mention of any particular contract (except vague "guarantee-fee agreements") and any of his allegations construed to mean Plaintiff expected his defunct company, Live Well, to remain in business is insufficient to plead a business expectancy. Of course, without a particular contract or business expectancy, Plaintiff also fails to plead intentional interference causing a breach or termination of that contract or business expectancy on the part of Mr. Foster.

Plaintiff also fails to plead facts to support that Mr. Foster had actual knowledge of any particular contract of business expectancy, apart from vague and conclusory language which is insufficient to meet the requisite knowledge prong of the tortious interference claims. *See Lokhova v. Halper*, 441 F. Supp. 3d 238, 265 (E.D. Va. 2020), aff'd, 995 F.3d 134 (4th Cir. 2021) ("Apart from vague and conclusory language, the complaint has failed to allege facts indicating that any defendant . . . was aware of any specific contracts or business expectancies Lokhova may have had, let alone that they wrongfully or intentionally interfered with any specific such relationships.").

Nor does Plaintiff plead that Mr. Foster was the cause of any loss alleged, even further warranting dismissal of Plaintiff's tortious interference claims. *See Goulmamine v. CVS Pharmacy, Inc.*, 138 F. Supp. 3d 652, 672 (E.D. Va. 2015) ("Even accepting all well-pleaded allegations as

true, the absence of causation means that Goulmamine's Complaint does not state a set of facts entitling him to relief on either tortious interference cause of action."). And Plaintiff certainly does not plead "improper means" on the part of Foster that are "illegal or independently tortious, such as violations of statutes, regulations, or recognized common-law rules." *Dunlap v. Cottman Transmission Sys.*, LLC, 287 Va. 207, 216 n. 5 (2014).

Any leave for Plaintiff to replead his tortious interference claims would be particularly futile because Mr. Hild cannot adequately plead causation *by Mr. Foster* where the purported "guarantee-fee agreements" contracts relate to Live Well which is defunct as a direct result of *Plaintiff's* own criminal actions. Because Mr. Hild's alleged damages stem from Live Well's demise, due to Plaintiff's own criminal actions, it is not "reasonably certain that absent [Mr. Foster's purported] misconduct, the plaintiff would have realized the expectancy." *Brainware, Inc. v. Mahan*, 808 F. Supp. 2d 820, 830 (E.D. Va. 2011).

For all of these reasons, Plaintiff's claim for tortious inference against Mr. Foster cannot survive the instant motion to dismiss.

### c. Plaintiff's Unjust Enrichment Claim is Time-Barred and Inadequately Pleaded.

Plaintiff similarly fails to adequately plead an unjust enrichment claim against Mr. Foster. To state a claim for unjust enrichment under Virginia law, a plaintiff must allege the following: "(1) the plaintiff conferred a benefit upon the defendant; (2) the defendant knew that the plaintiff conferred the benefit; and (3) the defendant accepted or retained the benefit under circumstances that render it inequitable for the defendant to retain the benefit without paying for its value." *Seale & Assocs., Inc. v. Ingersoll-Rand Co.*, No. 1:15-cv-01282-GBL-IDD, 2016 WL 4435083, at *9 (E.D. Va. Aug. 16, 2016).

Plaintiff fails to plead any of the elements of an unjust enrichment claim against Mr. Foster.

The sum of Plaintiff's allegations regarding his unjust enrichment claim are that "Defendants Bloomberg L.P., Intercontinental Exchange, Inc., ICE Data Pricing & Reference Data LLC, and the Lender Defendants received substantial benefits at Plaintiff's expense as a result of the conduct alleged herein, including financial recoveries, enforcement leverage, loss shifting, and avoidance of market and credit risk, through the use of substituted pricing and manufactured defaults that were later incorporated into loss calculations and enforcement actions directed against Plaintiff" and "Retention of those benefits is inequitable." First Amended Complaint ¶¶ 86-87. Plaintiff does not plead that he conferred any kind of benefit upon Mr. Foster (because he did not), that Mr. Foster knew of the purported benefit (because he did not), or that Mr. Foster retained the benefit under circumstances that render it inequitable (because he did not). This is precisely the type of speculative pleading that cannot survive a motion to dismiss. *See Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level" to withstand a motion to dismiss).

In any event, Plaintiff's unjust enrichment claim is time-barred. Under Virginia law, the statute of limitations for unjust enrichment is three years. *RMS Tech., Inc. v. TDY Indus., Inc.*, 64 F. App'x 853, 858 (4th Cir. 2003). The only purported conduct by Mr. Foster that Plaintiff alleges in the First Amended Complaint occurred or was discovered, at the latest, in April 2021, four years after Plaintiff commenced this action. First Amended Complaint, ¶¶ 30-31. Thus, Plaintiff's unjust enrichment claim is untimely. *RMS Tech., Inc.*, 64 F. App'x at 858 (4th Cir. 2003).

Accordingly, Plaintiff's unjust enrichment claim as to Mr. Foster fails as a matter of law. *See Firestone v. Wiley*, 485 F. Supp. 2d 694, 704 (E.D. Va. 2007) ("It is pellucidly clear that plaintiff's bare factual allegations fail to allege the elements of unjust enrichment because (i) she has not alleged that any benefit was conferred on defendants by virtue of her procuring the 2006

appraisal; (ii) she has not alleged that defendants knew of any such conferred benefit; and (iii) she has not alleged that defendants accepted or retained such conferred benefit. In these circumstances, plaintiff's claim must be dismissed.").

## IV.     Because Leave to Amend Would Be Futile, Dismissal with Prejudice is Proper.

For all of the reasons stated herein, any further amendment to Plaintiff's First Amended Complaint would be futile. Accordingly, Mr. Foster respectfully submits that the Court should dismiss Plaintiff's First Amended Complaint with prejudice. "In the Eastern District of Virginia, an amendment may be considered futile where Plaintiffs have previously had two full opportunities to plead their claim." *Iron Workers Loc. 16 Pension Fund v. Hilb Rogal & Hobbs Co.*, 432 F. Supp. 2d 571, 595 (E.D. Va. 2006) (citing *Travelers Cas. & Sur. Co. v. Danai*, No. Civ. A. 05-356, 2005 WL 2045398, at *3 (E.D. Va. Aug. 22, 2005) (denying a plaintiff's request to file a Second Amended Complaint because plaintiff "had two full opportunities to plead their claim")).

Here, Plaintiff has had two full opportunities to plead his claims. He filed a Complaint and then -- after motions to dismiss were filed by multiple plaintiffs -- he filed the First Amended Complaint. Because Plaintiff has already had two full opportunities to plead his claims, coupled with the fundamental deficiencies in Plaintiff's claims as detailed above, "it is clear that amendment would be futile." *Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (affirming the district court's dismissal with prejudice because "it is clear that amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability"). As such, dismissal with prejudice, without leave to amend is appropriate.

## CONCLUSION

For the foregoing reasons, Defendant Dan Foster respectfully requests the Court to dismiss the Complaint in its entirety as to Mr. Foster with prejudice, and award to Mr. Foster such other

and further relief as the Court deems just and proper.

Dated: March 2, 2026

Respectfully submitted,

By: */s/ Susan Poll Klaessy*
Susan Poll Klaessy (VA Bar No.87021)
FOLEY & LARDNER LLP
3000 K. St. NW
Washington, DC 20007
spollklaessy@foley.com
Telephone: 202-672-5300

Sam M. Koch (admitted *pro hac vice*)
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
skoch@foley.com
Telephone: 212-338-3472

*Attorneys for Defendant Dan Foster*

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served via ECF on all counsel of record and parties registered to receive service via the Court's CM/ECF system.

Dated: March 2, 2026

Respectfully submitted,

By: /s/ Susan Poll Klaessy
Susan Poll Klaessy (VA Bar No.87021)
FOLEY & LARDNER LLP
3000 K. St. NW
Washington, DC 20007
spollklaessy@foley.com
Telephone: 202-672-5300

Sam M. Koch (admitted *pro hac vice*)
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
skoch@foley.com
Telephone: 212-338-3472

*Attorneys for Defendant Dan Foster*