

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

MICHAEL C. HILD,
    Plaintiff,

v.                              Civil Action No. 3:25-cv-01050-DJN

                                  Hon. David J. Novak

DAN FOSTER;
GLEN HADDOCK;
LAWRENCE "LARRY" MATTERA, JR.;
CHRISTOPHER KRUPA;
BLOOMBERG L.P.;
ICE DATA PRICING & REFERENCE DATA LLC
   (f/k/a Interactive Data Pricing and Reference Data LLC;
   converted from Interactive Data Pricing and Reference Data, Inc.);
INTERCONTINENTAL EXCHANGE, INC.;
INDUSTRIAL AND COMMERCIAL BANK OF CHINA FINANCIAL SERVICES LLC;
MIRAE ASSET SECURITIES (USA) INC.;
FLAGSTAR BANK, FSB;
CUSTOMERS BANK; and
DOES 1–50,

    Defendants.

**PLAINTIFF'S OPPOSITION TO DEFENDANT GLEN HADDOCK'S MOTION TO DISMISS**

**INTRODUCTION**

Defendant Glen Haddock moves to dismiss the First Amended Complaint ("FAC") under Rules 12(b)(1) and 12(b)(6). His motion seeks premature factual resolution, reframes affirmative

1

defenses as jurisdictional defects, and attempts to characterize this action as a collateral attack on prior proceedings. It is not.

The FAC plausibly alleges coordinated conduct, legal malice, intentional interference with contractual relationships, direct personal economic injury, and a clear causal chain linking Defendant's actions to Plaintiff's harm (FAC ¶¶ 21–29, 35–46, 70–79). At the pleading stage, those allegations must be accepted as true.

Dismissal is improper.

## STANDARD OF REVIEW

A motion under Rule 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the case. The Court must accept all well-pleaded factual allegations as true and draw reasonable inferences in favor of the plaintiff. Dismissal is appropriate only where the complaint fails to state a claim that is plausible on its face.

When a defendant raises a factual challenge under Rule 12(b)(1), the defendant bears the burden of demonstrating that subject matter jurisdiction does not exist.

## I. SUBJECT MATTER JURISDICTION EXISTS

### A. Diversity Jurisdiction Exists

The FAC alleges complete diversity under 28 U.S.C. § 1332(a) and an amount in controversy exceeding $75,000.

Plaintiff is a citizen of Virginia.

2

Plaintiff has plausibly alleged facts supporting Defendant Haddock's North Carolina domicile sufficient to defeat dismissal under Rule 12(b)(1) at this stage.

Plaintiff submits the Declaration of Michael C. Hild (**Exhibit A**), filed concurrently herewith and incorporated herein by reference, which establishes:

• Attempted service at 1033 Butterfly Circle, Wake Forest, North Carolina;

• Confirmation by Haddock of relocation within North Carolina;

• Successful service in Winterville, North Carolina;

• Documentary evidence reflecting North Carolina residence history.

See Declaration of Michael C. Hild ("Hild Decl.") ¶¶ 3–16.

These facts confirm North Carolina domicile.

Complete diversity therefore exists. Defendant's unsupported assertion of Virginia citizenship does not overcome the evidence of North Carolina domicile reflected in the record.

**B. Defendant Bears the Burden Under Rule 12(b)(1)**

Haddock has not established Virginia domicile.

Citizenship is determined by domicile — physical presence and intent to remain — not by litigation filings.

Defendant has not carried his burden of establishing Virginia domicile sufficient to defeat diversity at this stage.

3

## C. Limitations Is Not Jurisdictional

Statute of limitations under Virginia law is an affirmative defense. It is not jurisdictional and does not deprive the Court of subject matter jurisdiction.

Rule 12(b)(1) dismissal on that basis is improper.

## II. THE CLAIMS ARE NOT TIME-BARRED

Statute of limitations is an affirmative defense and dismissal is proper only if untimeliness appears on the face of the complaint.

The FAC alleges (FAC ¶¶ 30–34):

- Concealment of operational pricing substitution;

- Concealment of coordination among market participants;

- Misrepresentations and omissions in subsequent proceedings;

- Delayed discovery of Haddock's role.

Under Virginia law, fraudulent concealment tolls limitations.

Accrual in conspiracy cases is tied to injury and knowledge.

These are fact-intensive issues inappropriate for Rule 12 dismissal.

## III. THE FAC STATES CLAIMS FOR BUSINESS AND COMMON-LAW CONSPIRACY

The FAC plausibly alleges (FAC ¶¶ 70–73):

(1) A combination of multiple actors;

(2) A common design to trigger cascading defaults through coordinated pricing substitution;

(3) Legal malice; and

(4) Direct personal economic injury.

### A. Combination

The FAC alleges that Haddock participated in coordinated substitution of designated pricing inputs, uniform reliance across market participants, and enforcement actions that triggered cross-default provisions tied to Plaintiff's personal guaranties (FAC ¶¶ 35–46, 52–58).

Agreement may be inferred from aligned conduct, shared knowledge, and predictable consequences. The FAC alleges each of those elements.

### B. Legal Malice

Legal malice does not require animus. It requires intentional participation in conduct undertaken without lawful justification and with knowledge that injury will result.

The FAC alleges that Haddock knew the cross-default mechanics would expose Plaintiff personally and nonetheless participated in the coordinated conduct that triggered those

mechanisms (FAC ¶¶ 23–25, 52–58, 70–73). That suffices at the pleading stage.

### C. Injury

The FAC alleges direct personal injury in the form of guarantor exposure, termination of independent contractual income, and destruction of Plaintiff's controlling ownership interest (FAC ¶¶ 21–29, 61–69). Those allegations are concrete and non-derivative.

Dismissal of the conspiracy claims is therefore improper.

## IV. THIS ACTION IS NOT A COLLATERAL ATTACK

Plaintiff does not seek to vacate any criminal conviction or bankruptcy ruling.

This action asserts independent Virginia tort claims involving distinct elements and injuries.

Collateral estoppel requires identity of issues actually litigated and essential to prior judgments. That showing is not apparent on the face of the FAC.

Rule 12 dismissal on preclusion grounds is improper.

## V. THE FAC STATES CLAIMS FOR TORTIOUS INTERFERENCE

The FAC alleges (FAC ¶¶ 76–79):

- Valid contractual guarantee-fee agreements;

- Knowledge by Haddock of Plaintiff's personal guarantees and income structure;

- Intentional conduct triggering termination of contractual income;

6

- Improper methods including coordinated substitution and concealment;

- Direct economic injury.

These allegations satisfy Rule 8.

## VI. THE FAC PLAUSIBLY ALLEGES CAUSATION

The FAC alleges a direct operational sequence (FAC ¶¶ 35–46, 61–69):

1. Coordinated pricing substitution;
2. Margin calls and defaults;
3. Cross-default activation;
4. Enforcement affecting personal guarantees;
5. Termination of contractual income;
6. Destruction of business structure.

Proximate cause is ordinarily a question of fact.

The alleged causal chain is plausible and foreseeable.

Dismissal is improper.

## CONCLUSION

Defendant's Motion to Dismiss asks this Court to resolve factual disputes and affirmative defenses that cannot be adjudicated at the pleading stage.

The FAC plausibly alleges:

- Coordinated conduct;

- Legal malice;

- Intentional interference;

- Direct personal injury;

- A clear causal chain.

Under Rules 12(b)(1) and 12(b)(6), dismissal is unwarranted.

For these reasons, Defendant Glen Haddock's Motion to Dismiss should be denied in its entirety.

DATED: March 9, 2026

Respectfully submitted,

*/s/ Michael C. Hild*

Michael C. Hild, pro se
2302 E. Marshall Street
Richmond, Virginia 23223
(804) 306-4314
michaelchristopherhild@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2026, I caused the foregoing Plaintiff's Opposition to Glen Haddock's Motion to Dismiss to be filed with the Clerk of Court for the United States District Court for the Eastern District of Virginia. Upon filing, the Clerk of Court will enter the filing on the CM/ECF system, which will send notice of such filing to all counsel of record and parties who have appeared.

I further certify that on the same date, I served a copy of this filing by electronic mail on counsel who have appeared in this action.

_Michael C Hild_
_____

Michael C. Hild

Plaintiff, pro se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
__Richmond__ DIVISION

__Michael C. Hild__
Plaintiff(s),

v.

__Dan Foster, Et al__
Defendant(s),

Civil Action Number: __3:25-cv-01050-DJN__

## LOCAL RULE 83.1 (N) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared or assisted in the preparation of __Plaintiff's Opposition__.
(Title of Document)

__Michael C. Hild__
Name of *Pro Se* Party (Print or Type)

__Michael C Hild__
Signature of *Pro Se* Party

Executed on: __3/9/2026__ (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
_Richmond_ DIVISION

_Michael C. Hild_
Plaintiff(s),

v.

_Dan Foster, Et. al._
Defendant(s),

Civil Action Number: _3:25-CV-01050-DJN_

## LOCAL RULE 83.1 (N) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared or assisted in the preparation of _Plaintiff's Opposition_.
(Title of Document)

_Michael C. Hild_
Name of Pro Se Party (Print or Type)

_____
Signature of Pro Se Party

Executed on: _3/9/2026_ (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of Pro Se Party (Print or Type)

_____
Signature of Pro Se Party

Executed on: _____ (Date)