**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(RICHMOND DIVISION)**

| | |
|---|---|
| Michael C. Hild, | |
| Plaintiff, | |
| v. | Civil Action No. 25-cv-01050-DJN |
| Dan Foster, et al. | |
| Defendants. | |

**REPLY OF DEFENDANT GLEN HADDOCK**
**TO PLAINTIFF'S OPPOSITION TO HIS MOTION TO DISMISS**

COMES NOW Defendant GLEN HADDOCK ("Haddock"), by and through counsel, and under Fed. R. Civ. P. 12(b) and Local Rule 7, and addresses the points that Plaintiff Michael C. Hild ("Plaintiff") presents in his Opposition to Haddock's Motion to Dismiss ("Opposition") as follows.

**I.      Plaintiff Has Not Met His Burden To Establish Diversity Jurisdiction**

In Section I.A of the Opposition, Plaintiff asserts diversity jurisdiction because Plaintiff, a citizen of Virginia, caused process to be served on Haddock in North Carolina. Haddock's Declaration acknowledges and explains his current residency in North Carolina, confirms his domicile in Virginia for over 20 years, and supports his intention to remain domiciled in Virginia with references to, among other things, his Virginia license, his family and continued associations in Virginia, and his Virginia voting registration.

In addressing the applicability of the requirement that "citizens must be of different States" under 28 U.S.C. 1332(a)(1), the Court must determine whether Haddock, who had been domiciled in Virginia but presently resides in North Carolina, intends *to remain domiciled* in Virginia. *See, e.g.*, *Sligh v. Doe,* 596 F.2d 1169, 1171 (4th Cir. 1979) (holding that citizenship

presents a preliminary question of fact to be determined by the trial court); *Swift & Co. v. Licklider*, 7 F.2d 19, 20 (4th Cir. 1925). If a party challenges diversity jurisdiction, the party invoking jurisdiction has the burden of proving it. As this court has previously noted,

> In invoking the jurisdiction of a federal court pursuant to 28 U.S.C. § 1332 a plaintiff must allege and prove that the parties are completely diverse in citizenship and that the amount in controversy exceeds $50,000. Moreover, if the defendant challenges the plaintiff's allegations of jurisdictional facts, "the plaintiff bears the burden of supporting the allegations by competent proof." Thomson v. Gaskill, et al., 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 188, 56 S.Ct. 780, 784–85, 80 L.Ed. 1135 (1935)) (other citations omitted); Johnson v. General Motors Corp., 242 F. Supp. 778, 779 (E.D.Va.1965) ("It is fundamental that where diversity is challenged, the plaintiff has the burden of establishing that diversity exists.").

*Gambelli v. U.S.*, 904 F. Supp. 494, 496 (E.D.Va. 1995). Plaintiff inappropriately places this burden on Haddock in Section I.B of his Opposition. Opposition at 3 ("Haddock has not established Virginia domicile.").

Haddock's sworn Declaration affirms his longtime domicile in the Commonwealth of Virginia, his reasons for temporarily moving to North Carolina, and his intention to resume residency in Virginia.  He supports his intention to remain domiciled in Virginia by citing his Virginia driver's license and voter registration. Significantly, Haddock's intention to remain domiciled and to return to Virginia preceded and are completely independent of this action. Plaintiff does not proffer any facts disputing Haddock's intention to remain domiciled in Virginia and thereby fails to create an issue of fact to warrant an evidentiary hearing. Haddock respectfully requests that the Court rule find that Plaintiff has not met his burden of proof to establish this Court's subject matter jurisdiction under 28 U.S.C. § 1332.

**II.**    **The Applicable Statutes of Limitation Bar All of Plaintiff's Claims**

In Section II of the Opposition, Plaintiff asserts that the applicability of the statute of limitations cannot bar claims on a motion to dismiss unless the "untimeliness appears on the face

of the complaint." This is true. Under Fed. R. Civ. P. 12(b)(6), where the allegations in the complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007). In addition, because the statute of limitations is an affirmative defense, Defendant Haddock must show that the allegations in the complaint foreclose any rejoinder to that affirmative defense by Plaintiff. Goodman v. Praxair, Inc., 494 F.3d 458, 465-66 (4th Cir. 2007). That is the case here.

The First Amended Complaint in this action identifies the *date* and *proximate cause* of Plaintiff's injury, namely, his loss of income from and equity in Live Well Financial, Inc. ("Live Well"): his "guarantor exposure" and the "termination of [his] independent contractual income, and destruction of [his] controlling interest." Opposition at 4. These injuries began with the filing, not by Haddock, of an involuntary petition for relief under Chapter 7 of the Bankruptcy Code. This is the date, obvious from the face of the complaint, when Plaintiff's claims accrued. This was over five years before the commencement of this action.

Plaintiff's Opposition raises facts not in his First Amended Complaint to claim that tolling applies. His original Complaint did allege tolling under Va. Code 8.01-229(D) (ECF 1 ¶41). However, after Haddock filed a motion to dismiss that complaint, Plaintiff filed his First Amended Complaint, which does not refer to tolling. Instead, it references "concealment" and "discovery" only once, and that is with respect to Dan Foster, not Haddock. ECF 46 ¶¶ 30-34.

Moreover, Haddock's memorandum in support of his motion demonstrated that the limitations period had run prior to the filing of Plaintiff's initial complaint and that tolling is not available under Virginia law for the claims alleged. ECF 78 at 6-8. Accordingly, based upon the facts alleged in his Amended Complaint, the applicable statute of limitations bars Plaintiff's claims against Haddock.

**III.**        **Plaintiff Fails to Adequately Plead A Conspiracy Claim**

In Section III.A of his Opposition and in response to the First Amended Complaint's silence about when, with whom, why, and how Haddock conspired, Plaintiff simply asserts that "[a]greement may be inferred from aligned conduct, shared knowledge, and predictable consequences," and "[t]he FAC alleges each of those elements." Opposition at 5. Haddock submits that factual allegations to support such an inference are missing and that the Amended Complaint therefore fails to state a claim under Fed. R. Civ. P. 12(b)(6). *See*, ECF 78 at 10-14.

**IV.**        **Plaintiff is Collaterally Estopped From Relitigating His Prior Adjudicated Conduct**

Finally, in Section IV of his Opposition, Plaintiff asserts, in effect, that collateral estoppel does not apply because it "requires identity of issues actually litigated and essential to prior judgments" and these are not "apparent on the face of the FAC." As with the statute of limitations, Haddock submits that the "face" of the Amended Complaint does include facts that have previously been litigated by Plaintiff and regarding which various courts have concluded he committed crimes or was liable. Haddock has submitted these for this Court's judicial notice, and these judgments confirm that it was Plaintiff, not Haddock, who caused Live Well to engage in fraudulent conduct and who caused lenders to file for the liquidation of Live Well, both of which proximately caused Plaintiff's injuries. ECF 78 at 8-10. In short, these documents confirm that it was Plaintiff who caused his own injuries.

**V.        Conclusion**

For the foregoing reasons, Defendant Haddock respectfully requests that the Court grant his motion to dismiss.

March 14, 2026                                        Respectfully submitted,

                                                     /s/ Adriaen M. Morse Jr.
                                                     Adriaen M. Morse Jr. (VSB No. 38889)
                                                     Cory C. Kirchert (VSB No. 36163)
                                                     SECIL Law PLLC
                                                     1701 Pennsylvania Ave., NW
                                                     Suite 200
                                                     Washington, DC 20006
                                                     amorse@secillaw.com
                                                     Tel: (571) 314-5469
                                                     ckirchert@secillaw.com
                                                     Tel: (703) 405-7974

                                                     *Counsel for Defendant Glen Haddock*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2026, a true and accurate copy of the foregoing document was filed through the Court's CM/ECF electronic filing system, which will forward a copy of the same to Plaintiff and counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

Michael C. Hild, pro se
2302 E. Marshall Street
Richmond, Virginia 23223
Tel:(804) 306-4314
michaelchristopherhild@gmail.com

                                                     /s/ Adriaen M. Morse Jr.
                                                     Adriaen M. Morse Jr.