FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| MICHAEL C. HILD,<br><br>        Plaintiff,<br><br>v.<br><br>DAN FOSTER, in his individual capacity;<br>GLEN HADDOCK, in his individual capacity;<br>LAWRENCE "LARRY" MATTERA, JR.,<br>in his individual capacity; CHRISTOPHER<br>KRUPA, in his individual capacity;<br>BLOOMBERG L.P; INTERCONTINENTAL<br>EXCHANGE, INC.; INDUSTRIAL AND<br>COMMERCIAL BANK OF CHINA<br>LIMITED; MIRAE ASSET SECURITIES<br>(USA) INC.; FLAGSTAR BANK, FSB;<br>CUSTOMERS BANK; and DOES 1-50,<br>inclusive,<br><br>        Defendants. | Case No. 3:25-cv-1050 (DJN)<br>Honorable David J. Novak |

**DEFENDANT FLAGSTAR BANK, N.A.'S REPLY IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**A. Hild does not state a valid claim against Flagstar.**

Rules 8(a)(2) and (e) of the Federal Rules of Civil Procedure require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief[,]" and be "simple, concise, and direct." While Rule 8 "does not require 'detailed factual allegations,' ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007)). "Requiring specific factual allegations for each defendant gives fair notice to that defendant of the plaintiff's claim and the underlying factual support." *Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. 2023).

Hild complains generally that the "defendants" conspired against him and attempts to re-characterize the victims of his criminal fraud scheme as the real villains;[1] but nowhere does he allege particular wrongdoings by Flagstar or harms he believes it caused. In other words, Hild hasn't provided Flagstar with the required notice under Rule 8.

Importantly, the gravamen of his complaint is concerted action or conspiracy (as it must be as Hild does not allege the elements of any cause of action against any one defendant in its own right). Hild's brief essentially concedes his inability to make specific allegations against any defendant, and certainly not Flagstar, by substituting nominalization for particularized allegations – alleging "pricing substitution," "uniform reliance," "cross-default activation," "termination," and "destruction." Any lawyer surely reading these flimsy allegations hears his 1L legal writing professor screaming "passive revise," and "Who did what?" Hild does not meet that challenge. To the extent the reader can glean anything from his allegations (what in the world does "pricing substitution" mean in this context) it is further obscured by shotgun pleading against "the defendants."

**B. As plead, Hild's factual allegations don't show concerted action by Flagstar or any of the defendants.**

To the extent his allegations can be understood, Hild's version of the facts still don't show any wrongdoing by Flagstar. They only recount Hild's version of the cause and effect of his own fraud: Hild says that IDC was obligated to submit pricing; when it stopped doing so, Bloomberg automatically issued substituted pricing based on old pricing mechanisms; lenders like Flagstar

---

[1] To the extent that Hild attempts to recast the facts and frame the lender victims as the cause of his downfall, Hild is bound by the principles of claim and issue preclusion related to his criminal matter. Flagstar refers this Court to the statement of facts section of its Motion to Dismiss discussing the outcome of Hild's criminal matter as well as the brief of defendant Industrial and Commercial Bank of China Financial Services LLC further analyzing the matter. *See* Doc, No. 81, PageID #1015-1016 and Doc. No 104, PageID #1770-1775.

then relied on that pricing. Nothing about these facts demonstrates any concerted action or joint conduct by any of the defendants. In fact, they stand for the proposition that there was no such concerted action.

Hild seems to believe, without citing any authority in support, that he is not required to allege facts demonstrating an agreement among the defendants. Rather based on the above facts, he asks the Court to infer an agreement. There is nothing to be inferred from those facts beyond a typical cascade of events; when Livewell stopped meeting its loan obligations, Flagstar called it in default. A mere "alignment in conduct" does not by itself establish that two parties have agreed to engage in that conduct. *See Twombly*, 550 U.S. at 556-557 ("Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality."). When one car hits another from behind, forcing the first car into the third, a conspiracy cannot be inferred. For various reasons, Hild cannot state a claim relying on concerted action by the defendants.

**C. Hild's conclusory statements are not enough to survive dismissal.**

Instead of substantively responding to Flagstar's critiques of his complaint, Hild repeats the same conclusory statements that he has already plead. For example, in response to Flagstar's legal argument that Hild lacks standing because of Live Well's bankruptcy, Hild deflects and merely states that he has alleged personal damages. While Hild need not prove his case in the complaint, conclusory assertions are not enough to survive dismissal. *Miller v. Md. Dep't of Nat. Res.*, 813 F. App'x 869, 874 (4th Cir. 2020); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 653 n.7 (4th Cir. 2006) (providing that one-off "conclusory remark[s]" in the parties' brief are "insufficient" to constitute an argument); *see also Kinder v. White*, 609 F. App'x 126, 132 (4th

Cir. 2015) (nothing that "[i]t is not the practice of this court to consider an argument that has not been developed in the body of a party's brief.").

**D. Hild can't state an injury related to any alleged breach of a loan guarantee or "guarantee fee agreement."**

In response to Flagstar's legal argument that Hild lacks standing because the substance of his claims is rooted in contract (and belongs to Live Well) and seeks to recover for the diminution in value of Live Well, Hild simply says that he has alleged a direct injury as a result of his guarantee of Flagstar's loans and his "guarantee fee agreement." Neither justification constitutes an injury that can support the first amended complaint.

Hild's response brief vaguely suggests that Flagstar's efforts to enforce his guarantee subjected him to "direct personal contract exposure" "resulting economic injury." Yet Hild does not allege that Flagstar breached this contract. Moreover, if he did, that is a claim he is currently raising in his defense against Flagstar in the litigation pending in the District Court for the Eastern District of Michigan. The rule against "claim splitting" prevents him from duplicating the same issue in this litigation. *See Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x 256, 265 (4th Cir. 2008) (explaining that suits should not be litigated piecemeal, and all claims arising out of the same wrong must be presented in the first action).

Even if he did bring such a claim here, it would be barred by the economic loss doctrine. *See Filak v. George*, 267 Va. 612, 594 S.E.2d 610, 613 (Va. 2004) (the economic loss doctrine provides that "losses suffered as a result of the breach of a duty assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contracts."). Because Flagstar's enforcement under its guarantee with Hild is pending in another case, Hild cannot rely on any such alleged breach to support his claimed damages here.

Hild's claims for damages relies heavily on his terminated guarantee fee agreement with Live Well, which he says provided a "contractual income stream." Supposedly, Hild was the backstop for Live Well if Live Well could not repay the fraudulently obtained loan proceeds – although Hild clearly had no ability to do so. In reality, this guarantee fee agreement is the mechanism by which Hild perpetrated his fraud, using the agreement as an excuse to funnel the extra loan proceeds to himself, and then jointly to Hild and his wife. Suggesting that this agreement somehow supports his claim for damages against the defendants is high irony indeed. Nonetheless, Hild still does not plausibly allege that Flagstar knew about this agreement or that it engaged in some concerted action intended to disrupt his "income stream." Moreover, as explained in Flagstar's Motion to Dismiss, his damages under the guarantee fee agreement are substantively based on diminution in the value of Live Well and cannot be recovered by Hild in this action. *See* Doc, No. 81, PageID #1022.

**E. Hild concedes that he is seeking recovery for loss of value as a shareholder.**

In responding to Flagstar's argument regarding standing, Hild concedes that he is seeking recovery for his "equity destruction" or the "destruction of [his] controlling ownership interest" in Live Well. As explained in Flagstar's Motion to Dismiss, it is well-settled that a shareholder does not have standing to sue in his own right for loss of value of the company. *See* Doc, No. 81, PageID #1021. Though Hild tries to frame this loss of value as a "consequence of targeted conduct," this Court is required to look beyond the labels and examine the substance of his claim. *Caldwell v. U.S. Dep't of Educ.*, 816 F. App'x 841, 842 (4th Cir. 2020). Moreover, the issue is not whether Hild is "targeted," but rather the nature of the injury alleged. The loss of Live Well, surely not the defendants' fault, is a claim owned initially by the company and now by the trustee.

Respectfully submitted,

By: */s/ Wayne Anthony Holman*
Wayne Anthony Holman, Esq. (VSB No.97862)
Stradley Ronon Steven & Young, LLP
2000 K Street, NW, Suite 700 Washington, DC 20006
(P) 202-507-5180
(F) 202-822-0140
wholman@stradley.com

By: */s/ Joseph J. Shannon*
Joseph J. Shannon (P38041) (*Pro Hac Vice*)
Fawzeih H. Daher (P82995)
Bodman PLC
6th Floor at Ford Field
1901 St. Antoine St.
Detroit, MI 48226
Attorneys for Flagstar Bank, N.A.
jshannon@bodmanlaw.com
fdaher@bodmanlaw.com

Dated: March 16, 2026

# CERTIFICATE OF SERVICE

I, Wayne Anthony Holman, hereby certify that on March 16, 2026, I caused the foregoing Reply in support of Motion to Dismiss First Amended Complaint to be filed with the Court and served via the Court's ECF system.

                                            Respectfully submitted,

By: */s/ Wayne Anthony Holman*
Wayne Anthony Holman, Esq. (VSB No.97862)
Stradley Ronon Steven & Young, LLP
2000 K Street, NW, Suite 700 Washington, DC 20006
(P) 202-507-5180
(F) 202-822-0140
wholman@stradley.com

By: */s/ Joseph J. Shannon*
Joseph J. Shannon (P38041) (*Pro Hac Vice*)
Fawzeih H. Daher (P82995)
Bodman PLC
6th Floor at Ford Field
1901 St. Antoine St.
Detroit, MI 48226
Attorneys for Flagstar Bank, N.A.
jshannon@bodmanlaw.com

Dated: March 16, 2026                      fdaher@bodmanlaw.com