**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| Michael C. Hild, | |
| Plaintiff, | |
| v. | Civil Action No. 3:25-cv-01050-DJN |
| Dan Foster, Glen Haddock, Lawrence "Larry" Mattera, Jr., Christopher Krupa, Bloomberg L.P., Intercontinental Exchange Inc., Industrial and Commercial Bank of China Limited, Mirae Asset Securities (USA) Inc., Flagstar Bank, FSB, Customers Bank, and Does 1-50, | |
| Defendants. | |

## DEFENDANT DAN FOSTER'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF MICHAEL HILD'S COMPLAINT

i

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ........................................................................................................................... 3

    I.  Plaintiff's First Amended Complaint Must Be Dismissed Because He Fails to
      Adequately Plead Subject Matter Jurisdiction ................................................................ 3

        a.  Plaintiff Fails to Adequately Plead Subject Matter Jurisdiction Based on
           Diversity of Citizenship ..................................................................................... 3

        b.  Plaintiff Fails to Adequately Plead Subject Matter Jurisdiction Based on
           Questions of Federal Law and Abandons this Jurisdictional Basis Altogether .............. 4

    II.  Plaintiff's First Amended Complaint Must Be Dismissed Because He Lacks Standing ........... 5

    III.  Plaintiff's Claims Also Fail Under Rule 12(b)(6) of the Federal Rules of Civil
      Procedure ................................................................................................................ 7

        a.  Plaintiff Fails to State a Claim for Statutory or Common Law Conspiracy
           Against Mr. Foster ............................................................................................ 7

        b.  Plaintiff Fails to State a Claim For Tortious Interference with Contract and
           Tortious Interference with Business Expectancy ........................................................ 11

        c.  Plaintiff Fails to State a Claim for Unjust Enrichment ................................................. 13

    IV.  Dismissal with Prejudice is Proper ............................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*360 Painting, LLC v. Misiph*,
   No. 3:22-CV-00056, 2023 WL 4533932 ................................................................. 12

*Aarow Elec. Sols. v. Tricore Sys., LLC*,
   No. CV JKB-22-2363, 2024 WL 1443743 (D. Md. Apr. 3, 2024) ........................... 10

*Advanfort Co. v. Int'l Registries, Inc.*,
   1:15-cv-220,2015 U.S. Dist. LEXIS 62125, at *12 (E.D. Va. May 12, 2015) ........................ 12

*Baskette v. Commonwealth Att'y of Buckingham Cnty.*,
   No. CIV.A. 6:05-CV-00008, 2005 WL 1594450 (W.D. Va. July 5, 2005) ................................. 4

*Bay Tobacco, LLC v. Bell Quality Tobacco Prods.*, LLC,
   261 F. Supp. 2d 483 (E.D. Va. 2003) ........................................................................ 7, 8

*Beasley v. FV-I, Inc.*,
   No. 1:13–cv–116, 2013 WL 1192018 (E.D. Va. Mar. 21, 2013) ................................. 8

*Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co.*,
   177 F.3d 210 (3d Cir.1999) ......................................................................................... 4

*Clear Sky Car Wash, LLC v. City of Chesapeake, Va.*,
   910 F. Supp. 2d 861 (E.D. Va. 2012) ......................................................................... 4

*Field v. GMAC LLC*,
   660 F. Supp. 2d 679 (E.D. Va. 2008) ......................................................................... 9

*Firestone v. Wiley*,
   485 F. Supp. 2d 694 (E.D. Va. 2007) ................................................................. 10, 14

*Food & Drug Admin. v. All. for Hippocratic Med.*,
   602 U.S. 367 (2024) ..................................................................................................... 5

*Garraghty v. Virginia Ret. Sys.*,
   200 F. App'x 209 (4th Cir. 2006) ............................................................................... 5

*Goulmamine v. CVS Pharmacy, Inc.*,
   138 F. Supp. 3d 652 (E.D. Va. 2015) ....................................................................... 13

*Harper Hardware Co. v. Powers Fasteners, Inc.*,
   No. Civ. A. 3:05cv799, 2006 WL 141672 (E.D. Va. Jan. 19, 2006) ........................... 9

*Iron Workers Loc. 16 Pension Fund v. Hilb Rogal & Hobbs Co.*,
    432 F. Supp. 2d 571 (E.D. Va. 2006)......................................................................... 14

*Johnson v. Kaugars*,
    14 Va. Cir. 172 (Va. Cir. 1988) ................................................................................. 9

*Lightfoot v. Richmond Pub. Schs.*,
    No. 3:16CV910, 2017 WL 3476224 (E.D. Va. Aug. 11, 2017)................................. 11

*Lokhova v. Halper*,
    441 F. Supp. 3d 238 (E.D. Va. 2020)......................................................................... 12

*Percival Partners Ltd. v. Nduom*,
    No. 1:22-CV-16 (RDA/WEF), 2023 WL 2088421 (E.D. Va. Feb. 17, 2023) ............ 3

*Peterson v. Cooley*,
    142 F.3d 181 (4th Cir. 1998) ..................................................................................... 11

*Reimer v. LexisNexis Risk Sols., Inc.*,
    No. 3:22CV153(DJN), 2022 WL 4227231 (E.D. Va. Sept. 13, 2022) ........................ 5

*RMS Tech., Inc. v. TDY Indus., Inc.*,
    64 F. App'x 853 (4th Cir. 2003) ................................................................................ 13

*Schlegel v. Bank of Am., N.A.*,
    505 F. Supp. 2d 321 (W.D. Va. 2007)................................................................ 7, 8, 10

*SD3, LLC v. Black & Decker (U.S.) Inc.*,
    801 F.3d 412 (4th Cir. 2015) ....................................................................................... 8

*Seale & Assocs., Inc. v. Ingersoll-Rand Co.*,
    No. 1:15-CV-01282-GBL-IDD, 2016 WL 4435083 (E.D. Va. Aug. 16, 2016) ....... 14

*Sheppheard v. Morrisey*,
    143 F.4th 232 (4th Cir. 2025) ..................................................................................... 6

*United States v. Grow*,
    394 F.2d 182 (4th Cir. 1968) ..................................................................................... 10

*Weakley v. Homeland Sec. Sols.*, Inc,
    No. 3:14CV785 (REP-RCY), 2015 WL 11112158 (E.D. Va. May 19, 2015).......... 10

*William v. AES Corp.*,
    28 F. Supp. 3d 553 (E.D. Va. 2014)........................................................................... 11

*VA C 12266 Jefferson, LLC v. Mattress Warehouse Inc.*,
    No. 4:14CV34, 2014 WL 5311453 (E.D. Va. Oct. 16, 2014)...................................... 3

*Womble v. Dixon*,
    752 F.2d 80 (4th Cir. 1984) .................................................................................................. 5

**Statutes**

28 U.S. Code § 1331 ........................................................................................................... 4
28 U.S. Code § 1332 ........................................................................................................... 3
28 U.S.C. § 1653 ................................................................................................................ 4
Article III of the United States Constitution ................................................................. 5, 6
Va. Code § 18.2-499(A) .................................................................................................. 10

**Rules**

Fed. R. Civ. P. 12(b)(1) ................................................................................................. 1, 4
Fed. R. Civ. P. 12(b)(6) ............................................................................................. 1, 4, 7

Defendant Dan Foster ("Mr. Foster"), by and through his attorneys, Foley & Lardner LLP, hereby submits this Reply Memorandum of Law in Further Support of his Motion to Dismiss Plaintiff Michael Hild's ("Plaintiff" or "Mr. Hild") First Amended Complaint (ECF No. 46, "Compl.") as to Dan Foster, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT[1]

Each of Plaintiff's claims against Mr. Foster fail as a matter of law, and nothing in Plaintiff's opposition brief demonstrates otherwise.

As an initial matter, Plaintiff's claims are flawed because he fails to adequately plead subject matter jurisdiction and lacks standing to bring his claims. In opposition, Plaintiff simply reiterates that he has adequately pleaded each defendants' citizenship for purposes of subject matter jurisdiction based on diversity of citizenship. In reality, Plaintiff merely pleads in the negative that each defendant is not a citizen of Virginia and fails to affirmatively plead each defendants' citizenship, which is required as a matter of law. Plaintiff drops his assertion of federal question jurisdiction altogether, resting his burden of pleading subject matter jurisdiction entirely on his (failing) assertion of diversity jurisdiction. With regard to Plaintiff's lack of standing, his vague and unsubstantiated declarations that he bring his claims on behalf of himself and not his former company, Live Well, are contravened by the substance of his claims which all hinge on the value of Live Well, a defunct company, whose downfall is a direct result of Plaintiff's own criminal actions, not anything that Mr. Foster did.

Try as he might, Plaintiff's opposition does nothing to resuscitate his claims against Mr. Foster for conspiracy, tortious interference, and unjust enrichment, each of which fail for multiple

---

[1] References to Mr. Foster's moving brief (ECF No. 97) are cited herein as "Mot. at _." References to Plaintiff's opposition brief (ECF No. 108) are cited herein as "Opp. at _."

independent reasons. Indeed, Plaintiff's opposition even further lays bare his strained attempts of convincing the court to make vast inferential leaps in order to fill in the many tremendous gaps in Plaintiff's pleading.

The sum total of Plaintiff's allegations against Mr. Foster is that Mr. Foster provided pricing to Defendant Bloomberg, L.P. Plaintiff does not, and cannot, allege that Mr. Foster's act of providing pricing is somehow fraudulent, tortious, illegal or otherwise improper. With such sparse factual allegations in the First Amended Complaint, Plaintiff falls far short of pleading any of the requisite elements for Virginia business conspiracy and common law conspiracy claims. Plaintiff does not sufficiently plead concerted action among Mr. Foster and co-defendants, that Mr. Foster acted with legal malice or that Mr. Foster's actions directly resulted in harm to Plaintiff, beyond conclusory assertions. The case law in this Circuit confirms that Plaintiff's allegations are insufficient as a matter of law.

Plaintiff also fails to sufficiently plead any of the required elements of a tortious interference claim because he does not plead any factual details as to a *specific* contract or business with which Mr. Foster allegedly intentionally interfered. Nor does he adequately plead any causal relationship, because, again, all of Plaintiff's claims lead back to his own criminal conduct that caused the collapse of Live Well. Plaintiff's unjust enrichment claim must also be dismissed because Plaintiff fails to allege any enrichment that Plaintiff purportedly conferred to Mr. Foster and that Mr. Foster retained unfairly.

In rebuttal, Plaintiff fails to grapple with any of the well-established law in this Circuit which illustrates his numerous pleading deficiencies. Plaintiff does not acknowledge any of the numerous on-point cases cited in Mr. Foster's moving brief nor does he refer to any cases in his opposition to support his conclusory assertions that his allegations are sufficient to survive

dismissal. Instead, throughout his opposition, Plaintiff unsuccessfully attempts to recharacterize and reframe his baseless allegations. Since Mr. Hild has already had two full opportunities to plead his claims, and his claims are fundamentally flawed, he should not be given leave to replead and his First Amended Complaint should be dismissed with prejudice.

Accordingly, in addition to the reasons stated in Mr. Foster's moving brief, Mr. Foster respectfully requests that the Court dismiss each of Plaintiff's claims against Mr. Foster with prejudice.

## <u>ARGUMENT</u>

### I. Plaintiff's First Amended Complaint Must Be Dismissed Because He Fails to Adequately Plead Subject Matter Jurisdiction.

#### a. Plaintiff Fails to Adequately Plead Subject Matter Jurisdiction Based on Diversity of Citizenship.

As demonstrated in Mr. Foster's moving brief, Plaintiff has failed to adequately plead subject matter jurisdiction whether based on diversity of citizenship or questions of federal law. To adequately plead subject matter jurisdiction based on diversity of citizenship of the parties pursuant to 28 U.S. Code § 1332, Plaintiff must *affirmatively* plead the citizenship of each party. *Percival Partners Ltd. v. Nduom*, No. 1:22-CV-16 (RDA/WEF), 2023 WL 2088421, at *5 (E.D. Va. Feb. 17, 2023), aff'd, 99 F.4th 696 (4th Cir. 2024); *VA C 12266 Jefferson, LLC v. Mattress Warehouse Inc.*, No. 4:14CV34, 2014 WL 5311453, at *3 (E.D. Va. Oct. 16, 2014). Pleading that "no Defendant is a citizen of Virginia," as Plaintiff has done here, is plainly insufficient. *Percival*, 2023 WL 2088421, at *5.

In response, Plaintiff argues that he filed a "Citizenship Disclosure Statement confirming that none of the Defendants is a citizen of Virginia and identifying their respective citizenship for diversity purposes." Opp. at 3. This is incorrect. Plaintiff's Citizenship Disclosure Statement (ECF No. 47) simply states that each defendant is not a citizen of Virginia and fails to affirmatively state

each defendants' respective citizenship. As such, Plaintiff has failed to adequately plead facts upon which diversity jurisdiction may be based.[2] *See Baskette v. Commonwealth Att'y of Buckingham Cnty.,* No. CIV.A. 6:05-CV-00008, 2005 WL 1594450, at *3 (W.D. Va. July 5, 2005) ("In a diversity action, 'the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'") (citing *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co.,* 177 F.3d 210, 222 n. 13 (3d Cir.1999)).

### b. Plaintiff Fails to Adequately Plead Subject Matter Jurisdiction Based on Questions of Federal Law and Abandons this Jurisdictional Basis Altogether.

Plaintiff also fails to rebut Mr. Foster's showing that Plaintiff fails to plead subject matter jurisdiction based on questions of federal law pursuant to 28 U.S. Code § 1331. In his opposition, Plaintiff drops this purported basis for subject matter jurisdiction entirely—as he must—stating "[b]ecause diversity independently supports jurisdiction, the Court need not reach the alternative basis." Opp. at 3. As explained above and in Mr. Foster's moving brief, Plaintiff does not establish that "diversity independently supports jurisdiction" and has now abandoned his argument that federal question jurisdiction applies. *See Clear Sky Car Wash, LLC v. City of Chesapeake, Va.*, 910 F. Supp. 2d 861, 871 (E.D. Va. 2012), aff'd, 743 F.3d 438 (4th Cir. 2014) (noting "that issues raised in the Complaint but not briefed or argued are considered abandoned" and "[b]ecause Plaintiff fails to address jurisdiction pursuant to 28 U.S.C. §§ 1346(a)(2) and 2201–02 in any of its responsive briefs to the motions to dismiss, the Court deems such grounds abandoned").

Accordingly, this Court must dismiss the First Amended Complaint for lack of subject

---

[2] Plaintiff states even if he failed to adequately plead diversity jurisdiction, dismissal under Rule 12(b)(1) is unwarranted because "28 U.S.C. § 1653 expressly permits amendment of jurisdictional allegations." Opp. At 3. Given the myriad additional pleading deficiencies fatal to Plaintiff's claims, as discussed *infra*, leave to amend would be futile and dismissal with prejudice is warranted under Rules 12(b)(1) and 12(b)(6).

4

matter jurisdiction. *See Garraghty v. Virginia Ret. Sys.*, 200 F. App'x 209, 211 (4th Cir. 2006) ("[A] federal court must dismiss a case whenever it appears that it lacks subject matter jurisdiction").

## II.    Plaintiff's First Amended Complaint Must Be Dismissed Because He Lacks Standing.

Plaintiff does not have standing to bring his claims and nothing in Plaintiff's opposition demonstrates otherwise. Standing pursuant to Article III of the United States Constitution requires that Plaintiff demonstrate an injury in fact that was caused by the defendant and that the injury likely would be redressed by the requested judicial relief. *Food & Drug Admin. v. All. for Hippocratic Med.,* 602 U.S. 367, 368 (2024). Plaintiff fails to demonstrate injury in fact with sufficient particularity that he himself suffered and is traceable to Mr. Foster.

The Court need not look any further than the face of Plaintiff's Complaint and First Amended Complaint to see that all of Plaintiff's allegations revolve around the value of Live Well, not injury to Plaintiff individually. *See, e.g.,* Compl. ¶¶ 30 ("defaults and enforcement actions against Live Well"), 44 ("bonds held by Live Well"), 48 ("forced Live Well into bankruptcy"), 64 ("Defendants' conduct destroyed Plaintiff's controlling ownership interest in Live Well and its anticipated growth trajectory."). While Plaintiff states in his First Amended Complaint that he "does not assert claims belonging to Live Well," such a conclusory statement cannot override the reality that his sparse factual allegations reveal: Plaintiff's claims can only plausibly be interpreted as belonging to Live Well. *Womble v. Dixon*, 752 F.2d 80, 82 (4th Cir. 1984) ("Virginia law does not accord a shareholder standing to sue in his own right for compensatory damages caused by injury to a corporation.") (citation omitted).

Additionally, Plaintiff's purported injury is not pleaded with the requisite specificity required under Article III. *See Reimer v. LexisNexis Risk Sols., Inc.*, No. 3:22CV153(DJN), 2022

WL 4227231, at *8 (E.D. Va. Sept. 13, 2022) ("Mere boilerplate claims with no detail do not suffice to satisfy the requirements for injury-in-fact.") (holding Plaintiff's general allegation of "loss of credit" and "emotional distress" with no specific factual support was insufficient to confer injury-in-fact under Article III).

Even if Plaintiff sufficiently pleaded that he suffered an injury-in-fact, he has not sufficiently pleaded factual allegations that support an inference that such injury was caused by Mr. Foster. *See Sheppheard v. Morrisey*, 143 F.4th 232, 249 (4th Cir. 2025) (finding Appellants "failed to make sufficient factual allegations to support the traceability and redressability elements of Article III standing" where Appellee was not the cause of Appellants' injuries). Plaintiff is unable to plead the requisite causal relationship because the injury he complains of (*i.e.*, Live Well's collapse) was caused by Plaintiff's own (and other non-parties') criminal actions. Quite simply, Live Well's demise and the financial ramifications stemming from it were caused by Mr. Hild's actions, certainly not Mr. Foster's. This has been determined by a jury in the United States District Court for the Southern District of New York and unanimously affirmed by the United States Court of Appeals for the Second Circuit. *See United States of America v. Michael Hild* (S.D.N.Y. Case No. 1:19-cr-00602-RA) (Second Circuit Court of Appels Case No. 23-6136). The case at hand represents nothing more than a thinly-veiled attempt to relitigate the issue of Mr. Hild's culpability. Casting it under the First Amended Complaint's guise of unspecified personal guarantee contracts does not endow Mr. Hild with standing.

Moreover, Plaintiff only addresses the argument that Plaintiff lacks standing "because any injury was suffered by Live Well, not Plaintiff personally." (Opp. at 3). He fails to address the other bases for Plaintiff's lack of standing, including that Plaintiff's purported injury lacks the

requisite specificity and that there is no causal connection between Plaintiff's purported injuries and Mr. Foster.

Accordingly, Plaintiff's First Amended Complaint must also be dismissed for lack of standing.

### III.   Plaintiff's Claims Also Fail Under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In addition to the jurisdictional and standing defects, Plaintiff fails to state a claim upon which relief can be granted for each of his five counts against Mr. Foster.

#### a.   Plaintiff Fails to State a Claim for Statutory or Common Law Conspiracy Against Mr. Foster.

Plaintiff fails to plead any of the essential elements of a statutory or common law conspiracy claim against Mr. Foster, let alone meet the heightened pleading standard required for business conspiracy, and Plaintiff's arguments to the contrary do not withstand scrutiny. *See Schlegel v. Bank of Am., N.A.*, 505 F. Supp. 2d 321, 325 (W.D. Va. 2007) (To state a claim for Virginia Business Conspiracy, a plaintiff must allege: "(1) concerted action; (2) legal malice; and (3) causally related injury."); *Bay Tobacco, LLC v. Bell Quality Tobacco Prods.*, LLC, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003) (Under Virginia common law, "a civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means."). Ignoring all legal conclusions and non-factual allegations in the First Amended Complaint, Plaintiff's claims against Mr. Foster boil down to the allegation that Mr. Foster provided "pricing inputs" to co-defendant Bloomberg L.P., devoid of any further specificity or explanation as to how allegedly providing "pricing inputs" is unlawful, which is insufficient to support a conspiracy claim. Compl. ¶¶ 30-34, 40, 44; *See Schlegel v. Bank of Am., N.A.*, 505 F. Supp. 2d 321, 328–29

(W.D. Va. 2007).

Plaintiff fails to allege concerted action or unity of purpose on behalf of Mr. Foster and other defendants as required for both claims of conspiracy. Indeed, he does not allege any facts explaining how Mr. Foster and other defendants combined or concerted *together* to injure Plaintiff, including when the purported conspiracy occurred, the identity of whom from other corporate defendants supposedly entered into this conspiratorial agreement with Mr. Foster, where the conspiratorial agreement took place, nor the manner in which the defendants jointly colluded. Instead, Plaintiff pleads only conclusions, unsupported by factual allegations, which is insufficient to survive Mr. Foster's motion to dismiss. *See Schlegel v. Bank of Am.*, N.A., 505 F. Supp. 2d 321, 325–26 (W.D. Va. 2007) (dismissing action under the Virginia business conspiracy statute where "Plaintiff simply has not alleged any facts that would allow the court to infer that [one defendant] and the [other defendant] acted together"); *Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC*, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003) ("Consequently, in order to survive a motion to dismiss, Plaintiff must at least plead the requisite concert of action and unity of purpose in more than mere conclusory language.").

Plaintiff "cannot assemble some collection of defendants and then make vague, non-specific allegations against all of them as a group." *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015). Yet, that is precisely what Mr. Hild does here. Moreover, a claim for conspiracy is insufficient where a plaintiff "fail[s] to allege anything as to several defendants, instead choosing to lump them together in the complaint without explanation." *Id.* As such, Plaintiff falls far short of pleading concerted action with the requisite specificity to survive a motion to dismiss. *Id.*; *see, also Beasley v. FV-I, Inc.*, No. 1:13–cv–116, 2013 WL 1192018, at *5 (E.D. Va. Mar. 21, 2013) (citations omitted) (Virginia requires a plaintiff to allege "some details of

time and place and the alleged effect of the conspiracy."); *see also Harper Hardware Co. v. Powers Fasteners, Inc.*, No. Civ. A. 3:05cv799, 2006 WL 141672, at *5 (E.D. Va. Jan. 19, 2006) ("Plaintiff's broad allegations provide no factual basis to discern the method of the alleged conspiracy or how it was carried out."); *Field v. GMAC LLC*, 660 F. Supp. 2d 679, 689 (E.D. Va. 2008); *see, also Johnson v. Kaugars*, 14 Va. Cir. 172, 176 (Va. Cir. 1988) ("[I]t is not enough merely to state that a conspiracy took place.").

In response, Plaintiff purports that his allegations "go beyond conclusory labels and describe coordinated operational conduct tied to specific pricing events" and that his First Amended Complaint "identifies the relevant pricing period (FAC ¶¶ 37-38), the operative substitution mechanism (FAC ¶ 44), and the enforcement conduct that followed (FAC ¶¶ 61-63, 71), providing sufficient temporal and contextual detail to satisfy Virginia's pleading standards." Opp. at 7. The paragraphs of the First Amended Complaint he cites, however, do not provide any detail as to the "relevant pricing period," "substitutional mechanism," or "enforcement conduct." It is entirely unclear what Plaintiff means by "coordinated operational conduct," and neither Mr. Foster, nor the Court, is required, under relevant pleading standards, to guess.

Plaintiff also contends that he has pleaded legal malice because he alleges "Defendants knowingly relied upon substituted pricing to enforce defaults" and "[k]nowingly participating in conduct that foreseeably triggers guarantor exposure and destruction of independent contractual income satisfies legal malice. . . ." Opp. at 7-8. But the allegations Plaintiff cites are as conclusory as conclusory comes: "Defendants combined and agreed to willfully and maliciously injure Plaintiff" (Compl. ¶ 70); "Defendants employed improper methods, including coordinate pricing cessation" (Compl. ¶ 71) and "Defendants' conduct terminated Plaintiff's guarantee-fee income." (Compl. ¶ 62). None of these allegations support an inference that Mr. Foster acted willfully or

with malice to specifically cause injury to Plaintiff. Thus, the legal malice element is not met. *See Schlegel*, 505 F. Supp. at 328–29; *see* Va. Code § 18.2-499(A).

With respect to causation, Plaintiff asserts that he has pleaded causally related injury because the First Amended Complaint "pleads a coherent operational sequence." Opp. at 8. First, whether Plaintiff has actually pleaded a "coherent operational sequence" is neither here nor there because a "coherent operational sequence" does not equate to causation. Second, Plaintiff still does not show how anything Mr. Foster did caused him harm. Third, Plaintiff's response confirms that he is really asking the Court to make enormous logical leaps and inferences as to facts not actually pleaded in order to cobble together conspiracy claims that are not rooted in facts. As the Fourth Circuit has noted, "[c]harges of conspiracy are not to be made out by piling inference upon inference." *United States v. Grow*, 394 F.2d 182, 199 (4th Cir. 1968). "While *pro se* litigants are held to less stringent standards, it is not the responsibility of the Court to reorganize and edit Plaintiff's filings by conjecture or assumption while attempting to infer Plaintiff's intentions, nor would it be appropriate to do so." *Weakley v. Homeland Sec. Sols.*, *Inc*, No. 3:14CV785 (REP-RCY), 2015 WL 11112158, at *6 (E.D. Va. May 19, 2015), report and recommendation adopted sub nom. *Weakley v. Homeland Sec. Sols., Inc.*, No. 3:14CV785, 2015 WL 11112159 (E.D. Va. June 16, 2015), aff'd, 622 F. App'x 253 (4th Cir. 2015) (citations and quotations omitted). Therefore, the Court should not "make the inferential leap that [Plaintiff] asks." *Aarow Elec. Sols. v. Tricore Sys., LLC*, No. CV JKB-22-2363, 2024 WL 1443743, at *8 (D. Md. Apr. 3, 2024).

The final nail in the coffin for Plaintiff's conspiracy claims is that Plaintiff fails to plead that an underlying tort was committed. *Firestone v. Wiley*, 485 F. Supp. 2d 694, 703 (E.D. Va. 2007) (where "there is no actionable claim for the underlying alleged wrong, there can be no action for civil conspiracy based on that wrong."). As detailed in Mr. Foster's moving brief and further

below, Plaintiff's tortious interference claims also fail as a matter of law, depriving his conspiracy claims of the requisite underlying tort required to maintain such claims.

As such, Plaintiff's Virginia Business Conspiracy and common law conspiracy claims fail as a matter of law. *See William v. AES Corp.,* 28 F. Supp. 3d 553, 575 (E.D. Va. 2014) ("Plaintiffs' complaint contains only vague, conclusory allegations of conspiracy that fail to withstand a motion to dismiss. Plaintiffs allege that 'Defendants knowingly and willfully conspired and agreed among themselves to engage in supplying unreliable electric power in Cameroon, in violation of the rights of Plaintiffs.' (SAC ¶ 131.) The SAC does not identify or detail any agreement between [Defendants]") (dismissing plaintiffs' civil conspiracy claim).

### b. Plaintiff Fails to State a Claim For Tortious Interference with Contract and Tortious Interference with Business Expectancy.

Like his other claims, Plaintiff's tortious interference with contract and tortious interference with business expectancy claims do not contain sufficient facts to survive Mr. Foster's motion to dismiss. Plaintiff fails to sufficiently plead each of the following elements required to maintain a tortious interference claim: 1) the existence of a valid contract of business expectancy; 2) knowledge of that contract or expectancy; 3) intentional interference inducing a breach of termination of the contract of expectancy and 4) damages resulting from the interference. *Lightfoot v. Richmond Pub. Schs.*, No. 3:16CV910, 2017 WL 3476224, at *3 (E.D. Va. Aug. 11, 2017), aff'd, 729 F. App'x 273 (4th Cir. 2018). Also, despite the pleading requirement to survive a motion to dismiss, Plaintiff does not plead interference by improper methods in connection with his claim for tortious interference with business expectancy. *Peterson v. Cooley*, 142 F.3d 181, 186 (4th Cir. 1998) ("when alleging tortious interference with an expectancy rather than with an actual contract, a plaintiff must show that the defendant interfered by employing improper methods.").

In his opposition brief, Plaintiff does not – because he cannot – identify any legal support

for his conclusory statements that "Foreseeability of guarantor harm satisfies the knowledge element at the pleading stage" and "Participation in pricing substitution that predictably triggers defaults constitutes intentional interference." Opp. at 9. Rather, Virginia law is clear that conclusory allegations such as Plaintiff's, devoid of any level of specificity, are insufficient to plead:

1.  the existence of a valid contract or business expectancy, *see Advanfort Co. v. Int'l Registries, Inc.*, No. 1:15-cv-220, 2015 U.S. Dist. LEXIS 62125, at *12 (E.D. Va. May 12, 2015) (finding "Plaintiffs have failed to identify any specific contract or business expectancy with which Defendants have allegedly interfered" where they alleged having "contractual relationships with their employees and contractors who worked in service of those contracts.");

2.  knowledge of that contract or business expectancy on the part of Mr. Foster, *see Lokhova v. Halper*, 441 F. Supp. 3d 238, 265 (E.D. Va. 2020), aff'd, 995 F.3d 134 (4th Cir. 2021) ("Apart from vague and conclusory language, the complaint has failed to allege facts indicating that any defendant . . . was aware of any specific contracts or business expectancies Lokhova may have had, let alone that they wrongfully or intentionally interfered with any specific such relationships.");

3.  intentional interference inducing a breach of termination of the contract of expectancy, *see 360 Painting, LLC v. Misiph*, No. 3:22-CV-00056, 2023 WL 4533932, at *6 (W.D. Va. July 13, 2023 ("Because Plaintiff has not alleged that any specific breach or termination has taken place, the third element of tortious interference has not been properly pled by Plaintiff."); and

4.  causally related damages, *see Goulmamine v. CVS Pharmacy, Inc.*, 138 F. Supp. 3d

652, 672 (E.D. Va. 2015) ("Even accepting all well-pleaded allegations as true, the absence of causation means that Goulmamine's Complaint does not state a set of facts entitling him to relief on either tortious interference cause of action.").

As such, Plaintiff falls dramatically short of stating a claim for tortious interference with contract or business expectancy. Moreover, because Plaintiff's claims center around the collapse of Live Well, which was caused by Plaintiff's own criminal actions, leave to replead should not be granted as it would be futile.

### c. Plaintiff Fails to State a Claim for Unjust Enrichment.

Plaintiff's opposition does not save his unjust enrichment claim either. As a threshold matter, Plaintiff's unjust enrichment claim is time-barred pursuant to a three-year statute of limitations. *See RMS Tech., Inc. v. TDY Indus., Inc*., 64 F. App'x 853, 858 (4th Cir. 2003) (noting the statute of limitations for unjust enrichment under Virginia law is three years). While Plaintiff claims that the unjust enrichment statute of limitations accrual runs from "discovery" of the purported enrichment, any "discovery," per Plaintiff's own allegations in his First Amended Complaint, occurred in April 2021, over four years before this action was filed. Compl., ¶¶ 30-31. As such, Plaintiff's unjust enrichment claim is time-barred. *RMS Tech., Inc.*, 64 F. App'x at 858 (4th Cir. 2003).

Notwithstanding that Plaintiff's claim is time-barred, Plaintiff's unjust enrichment claim must also be dismissed because he fails to plead any of the required elements for an unjust enrichment claim as to Mr. Foster: that "(1) the plaintiff conferred a benefit upon the defendant; (2) the defendant knew that the plaintiff conferred the benefit; and (3) the defendant accepted or retained the benefit under circumstances that render it inequitable for the defendant to retain the benefit without paying for its value." *Seale & Assocs., Inc. v. Ingersoll-Rand Co.*, No. 1:15-CV-

01282-GBL-IDD, 2016 WL 4435083, at *9 (E.D. Va. Aug. 16, 2016). The totality of Plaintiff's unjust enrichment claim allegations are that "Defendants Bloomberg L.P., Intercontinental Exchange, Inc., ICE Data Pricing & Reference Data LLC, and the Lender Defendants received substantial benefits at Plaintiff's expense as a result of the conduct alleged herein, including financial recoveries, enforcement leverage, loss shifting, and avoidance of market and credit risk, through the use of substituted pricing and manufactured defaults that were later incorporated into loss calculations and enforcement actions directed against Plaintiff" and "Retention of those benefits is inequitable." Compl., ¶¶ 86-87. Plaintiff's First Amended Complaint is devoid of any allegations that Plaintiff conferred any benefit upon Mr. Foster, specifically which Mr. Foster, in particular, knew about and retained. Such a speculative pleading cannot survive a motion to dismiss. *See Firestone*, 485 F. Supp. 2d at 704 (dismissing unjust enrichment claim based on plaintiff's "bare factual allegations" that "fail to allege the elements of unjust enrichment").

Accordingly, Plaintiff's unjust enrichment claim against Mr. Foster must be dismissed.

## IV.    Dismissal with Prejudice is Proper.

The Court should not grant leave for Plaintiff to amend his Complaint a second time because, contrary to Plaintiff's contentions and as detailed herein, his claims contain "incurable legal defects." Opp. at 11. Thus, any further amendment to Plaintiff's First Amended Complaint would be futile. Moreover, Plaintiff has already previously had two full opportunities to plead his claims. *Iron Workers Loc. 16 Pension Fund v. Hilb Rogal & Hobbs Co.*, 432 F. Supp. 2d 571, 595 (E.D. Va. 2006) (denying plaintiff's request to file a Second Amended Complaint because plaintiff "had two full opportunities to plead their claim")). Among other things, there is no way Mr. Hild can plead that Mr. Foster caused any alleged damages when it has been unequivocally

determined that any such damages were caused by Mr. Hild (and his non-party co-conspirators). As such, dismissal with prejudice is proper as to all of Plaintiff's claims against Mr. Foster.

## **CONCLUSION**

For the foregoing reasons, as well as those stated in his moving brief, Defendant Dan Foster respectfully requests the Court to dismiss with prejudice the First Amended Complaint in its entirety as to Mr. Foster, and award to Mr. Foster such other and further relief as the Court deems just and proper.

Dated: March 16, 2026                    Respectfully submitted,

                                         By: /s/ Susan Poll Klaessy
                                         Susan Poll Klaessy (VA Bar No.87021)
                                         FOLEY & LARDNER LLP
                                         3000 K. St. NW
                                         Washington, DC 20007
                                         spollklaessy@foley.com
                                         Telephone: 202-672-5300

                                         Sam M. Koch (admitted *pro hac vice*)
                                         FOLEY & LARDNER LLP
                                         90 Park Avenue
                                         New York, NY 10016
                                         skoch@foley.com
                                         Telephone: 212-338-3472

                                         *Attorneys for Defendant Dan Foster*

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served via ECF on all counsel of record and parties registered to receive service via the Court's CM/ECF system.

Dated: March 16, 2026

Respectfully submitted,

By: /s/ Susan Poll Klaessy
Susan Poll Klaessy (VA Bar No.87021)
FOLEY & LARDNER LLP
3000 K. St. NW
Washington, DC 20007
spollklaessy@foley.com
Telephone: 202-672-5300

Sam M. Koch (admitted *pro hac vice*)
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
skoch@foley.com
Telephone: 212-338-3472

*Attorneys for Defendant Dan Foster*