**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

----------------------------------------------------------------------x
                                                                      :
MICHAEL C. HILD, individually and as owner of                         :
business and marital property interests,                              :
                                                                      :
                                        Plaintiff,                    :        No. 3:25-cv-01050 (DJN)
                                                                      :
                - against -                                           :
                                                                      :
DAN FOSTER *et al.*,                                                  :
                                                                      :
                                        Defendants.                   :
                                                                      :
----------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW OF DEFENDANT BLOOMBERG L.P. IN**
**FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

.

**PRELIMINARY STATEMENT**

Bloomberg's opening brief in support of its motion to dismiss the FAC,[1] ("Bloomberg Mem.") (ECF No. 90), demonstrated that the FAC should be dismissed as against Bloomberg for three independent reasons. First, there appears to be no diversity of citizenship between plaintiff and all defendants, and the Court therefore must dismiss this action because there is no other valid basis for federal jurisdiction. (*Id.,* Part I.) Second, this Court lacks personal jurisdiction over Bloomberg (*Id.,* Part II), and third, the FAC fails to state any viable claim against Bloomberg. (*Id.,* Part III.)

As detailed below, plaintiff Hild's opposition brief ("Hild Mem.") (ECF No. 110) does not cite a single case and does not respond to Bloomberg's arguments. Rather, Hild simply repeats the conclusory allegations in the FAC, and responds to arguments Bloomberg did not make. What is more, Hild concedes he does not challenge the accuracy of Bloomberg's pricing (*see id.* at 3), and the FAC alleges no wrongful conduct of any kind by Bloomberg. All the FAC alleges is that Bloomberg pricing for certain securities was visible to, and used by, others after IDC stopped publishing pricing for those securities. Hild offers no basis to salvage the fatally defective FAC as against Bloomberg, and it should be dismissed.

---

[1] Capitalized terms and acronyms not defined herein have the same meanings as those used in Bloomberg's opening brief.

## ARGUMENT

### I.
### THIS COURT LACKS SUBJECT MATTER JURISDICTION

#### A.    The Parties Are Not Citizens of Different States

Bloomberg's opening brief demonstrated that in light of defendant Glen Haddock's citizenship disclosure and declaration, which both indicate he is a citizen of Virginia (ECF Nos. 78-7, 79), there is no basis for diversity jurisdiction in this case. (ECF No. 90, Part I.A.)

Hild's opposition brief appears to argue that because there is complete diversity of citizenship between Hild and *Bloomberg,* that is sufficient for this Court to have jurisdiction pursuant to 28 U.S.C. § 1332. (Hild Mem. at 4.) Of course, that is not the law. There must be complete diversity of citizenship between Hild and *all of the defendants*. *See Wesley Hous. Dev. Corp. of N. Va. v. SunAmerica Hous. Fund 1171*, 577 F. Supp. 3d 448, 457-59 (E.D. Va. 2021) (granting motion to remand case with two defendants due to lack of complete diversity where one defendant was diverse from plaintiffs and others were not).

In response to Haddock's motion to dismiss, Hild argues that the critical question is where Haddock currently resides and points to various indicia of Haddock's current residence in North Carolina. (ECF No. 107, at 3.) But that is not the end of the matter: citizenship for diversity purposes looks at not only a defendant's residence in a particular state but their intent to remain there. *See Gambelli v. United States*, 904 F. Supp. 494, 496-97 (E.D. Va. 1995), *aff'd*, 87 F.3d 1308 (4th Cir. 1996). Haddock has presented detailed, unrebutted evidence of his intent *not* to remain in North Carolina but rather to return to his domicile in Virginia. (*See* ECF No. 78-7.)

2

Accordingly, there is not complete diversity between plaintiff Hild and defendant Haddock, and this Court therefore does not have jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1).[2]

**B.      Hild Does Not Dispute That the FAC Raises No Federal Question**

As detailed in Bloomberg's Opening Memorandum, if there is no diversity jurisdiction, the case should be dismissed, because there is no other valid basis of federal jurisdiction, because neither of the two alternatives the FAC invokes, federal question jurisdiction and supplemental jurisdiction (FAC ¶¶ 17-18), applies here. (ECF No. 90, Part I.B.) Hild does not dispute that the FAC does not raise any federal question as to Bloomberg and that supplemental jurisdiction under Section 1367 also is unavailable.

The FAC therefore should be dismissed for lack of subject matter jurisdiction.

**II.**
**THE COURT ALSO LACKS PERSONAL JURISDICTION OVER BLOOMBERG**

Bloomberg's opening brief demonstrated that Bloomberg is not subject to either general or specific personal jurisdiction in Virginia, and this action therefore should be dismissed. (ECF No. 90, Part II.) Nothing in Hild's opposition brief changes this conclusion.

First, Hild does not dispute that Bloomberg is not subject to general jurisdiction.

Second, Hild does not identify any factual allegations in the FAC that could possibly be construed as showing Bloomberg is subject to specific jurisdiction. Hild simply summarizes the allegations in the FAC (Hild Mem. at 7-8), but, as Bloomberg already demonstrated, those conclusory allegations do not establish a basis for specific jurisdiction. (*See*

---

[2] Bloomberg hereby incorporates by reference the argument on this point set forth in Part I of the Reply of Defendant Glen Haddock to Plaintiff's Opposition to His Motion to Dismiss. (ECF No. 118 at 1-2.)

Bloomberg Mem. at 9-10.) Hild offers no response to *that* argument, nor does he cite any case law or attempt to distinguish Bloomberg's cases on this point.

Third, Hild appears to revive the theory, which he included in the original Complaint (*see* Compl. ¶ 13 (ECF No. 1)) but abandoned in the FAC, that Bloomberg is subject to personal jurisdiction because Hild allegedly suffered harm in Virginia. (Hild Mem. at 8.) But that theory of jurisdiction does not appear in the FAC, and even if the Court were to overlook that defect, it is not a basis to assert personal jurisdiction over Bloomberg here, nor does Hild allege facts (even in his opposition brief) that would support it.

To be clear, the FAC does not allege that any harm that Hild claims to have suffered is a basis for personal jurisdiction over Bloomberg. Rather, Hild alleges only that the "Court has personal jurisdiction over Defendants because they purposefully directed conduct into Virginia causing injury here" (FAC ¶ 19), and, as to Bloomberg, that "Bloomberg L.P. publishes and disseminates financial data and pricing information purposefully directed into Virginia." (FAC ¶ 8.) Bloomberg's opening brief demonstrated that such conclusory allegations of "purposeful direction" do not to subject Bloomberg to personal jurisdiction in this state. (Bloomberg Mem. at 9-10.) Hild cannot amend the FAC through his brief in opposition to Bloomberg's motion to add the theory that Bloomberg is subject to jurisdiction because it caused harm to Hild in Virginia: "It is well-established that parties cannot amend their complaints through briefing or oral advocacy." *Kerpen v. Metro. Wash. Airports Auth.*, 260 F. Supp. 3d 567, 587 (E.D. Va. 2017), *aff'd*, 907 F.3d 152 (4th Cir. 2018) (quoting *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013)).

In any event, Bloomberg is not subject to personal jurisdiction here even under Hild's new, unpleaded theory. For a defendant to be subject to specific jurisdiction, "the

4

defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, *not the defendant's contacts with persons who reside there*." *Id.* at 285 (emphasis added). "The proper question is *not where the plaintiff experienced a particular injury or effect* but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 290 (emphasis added). "[It] is the defendant, not the plaintiff or third parties, who must create contacts with the forum State," and "the mere fact that [a defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Id.* at 291. Thus, an allegation that Bloomberg's conduct affected Hild in Virginia (which the FAC does not contain) would not subject it to personal jurisdiction in this Court.

What is more, Hild does not actually allege that Bloomberg engaged in the conduct that Hild claims to have caused the harm he allegedly suffered in Virginia. Hild's brief (*not* the FAC) alleges that two harms "[o]ccurred in Virginia to a Virginia citizen" – "[t]ermination of guarantee-fee contracts" and "[e]nforcement of personal guarantees." (Hild Mem. at 8.) But Hild does not allege (nor could he) that Bloomberg did either of those things. There is no allegation that Bloomberg – a media and financial data company – was party to any guarantee-fee contract with Hild or that Bloomberg enforced a personal guarantee given by Hild. The only defendants alleged to have done those things are the so-called "Lender Defendants," a group from which Hild expressly excludes Bloomberg. (FAC ¶¶ 35-48.) Thus, regardless of whether Hild alleges such other defendants might have done those things, those defendants' alleged conduct cannot serve as a basis for this Court to exercise personal jurisdiction over *Bloomberg*.

Hild's original Complaint also alleged so-called "conspiracy" jurisdiction as a potential basis of personal jurisdiction. (Compl. ¶ 15.) That theory, too, does not appear in the FAC and for that reason alone, the Court may treat it as abandoned. *See Sanford v. Virginia*, 2009 BL 183153, at *2, 2009 WL 2707434, at *2 (E.D. Va. Aug. 26, 2009) ("[I]t is axiomatic that the Amended Complaint supercedes [*sic*] the [original] Complaint….").

In any event, conspiracy jurisdiction also would not be a valid basis for this Court to assert personal jurisdiction over Bloomberg in this action. While a defendant may be "imputed with constitutionally sufficient contacts" with a forum state "through the actions of [its] alleged coconspirators," a plaintiff first must state a plausible claim that a conspiracy existed in which the defendant participated and "that a coconspirator's activities in furtherance of the conspiracy had sufficient contacts with Virginia to subject that conspirator to jurisdiction in Virginia." *Unspam Techs., Inc. v. Chernuk*, 716 F.3d 322, 329 (4th Cir. 2013). A plaintiff must "'plead with particularity' concrete facts supporting the existence of a conspiracy." *Mobilization Funding, LLC v. Stokes*, 163 F.4th 55, 63 (4th Cir. 2025) (quoting *Unspam*, 716 F.3d 322 at 329). "[T]hose specific allegations must add up to more than a 'logical possibility' of a conspiracy; if the facts alleged 'could equally describe arms-length transactions' between the purported co-conspirators, then the party asserting jurisdiction has not met its burden." *Id.* (quoting *Unspam*, 716 F.3d at 330). "By the same token, a 'naked assertion of conspiracy' offered to establish jurisdiction 'stops short of the line between possibility and plausibility'…." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Even if read generously, the FAC does not come close to satisfying these exacting standards with respect to Bloomberg. Hild alleges his purported conspiracy claims in the most conclusory possible terms, simply parroting the elements of such claims and alleging that

"Defendants employed improper methods" without explaining what such "methods" were, what each defendant did, how or why what the defendants did might have been improper or unlawful, or providing any other factual basis for those claims. (FAC ¶¶ 70-75.) These allegations do not support the inference that Bloomberg knew of and voluntarily participated in an alleged conspiracy with anyone, much less the other defendants in this case. Thus, even assuming *arguendo* that those other defendants might be subject to personal jurisdiction in Virginia, that does not confer jurisdiction over Bloomberg. *See Mobilization Funding*, 163 F.4th at 63.

### III.
### HILD FAILS TO STATE ANY CLAIM AGAINST BLOOMBERG

Bloomberg's opening brief established that the FAC fails plausibly to allege essential elements of all six of the claims Hild purports to assert, requiring dismissal with prejudice as against Bloomberg. (ECF No. 90, Part III.)

Hild's opposition fails to address Bloomberg's arguments and therefore concedes them. The only substantive argument Hild does make, that he plausibly alleged "the Bloomberg-Foster pricing relationship," is irrelevant and does not cure any of the multiple fatal defects in each of Hild's six asserted claims, particularly given Hild's admission that he does not challenge the accuracy of Bloomberg's pricing. (Hild Mem. at 3.) The FAC should be dismissed with prejudice.

### A.   Hild Fails to State a Claim Against Bloomberg for Conspiracy

Bloomberg's opening brief established that both of Hild's conspiracy claims should be dismissed, because the Virginia business conspiracy statute does not apply to conduct that Hild himself alleges occurred wholly outside Virginia (Bloomberg Mem. at 12-13), and the FAC also does not plausibly allege the elements of a conspiracy claim under the statute or Virginia common law. (*Id.* at 13-15.)

Hild does not respond at all to Bloomberg's first argument and therefore concedes it. *See Intercarrier Commc'ns, LLC v. Kik Interactive, Inc.*, 2013 BL 209053, at *3, 2013 WL 4061259, at *3 (E.D. Va. Aug. 9, 2013) ("ICC does not respond to this argument [that general jurisdiction is lacking] in its opposition memorandum, effectively conceding that it cannot establish general jurisdiction." (citing *Cureton v. U.S. Marshal Serv.*, 322 F. Supp. 2d 23, 27 (D.D.C. 2004))). That alone warrants dismissal of Hild's statutory conspiracy claim.

Hild also fails meaningfully to respond to Bloomberg's argument that Hild's recitation of the legal elements of both his statutory and common-law conspiracy claims without any supporting facts is not sufficient to state such claims. All Hild does is repeat those same conclusory allegations, identifying no factual allegations (because there are none) and citing no law whatsoever. (Hild Mem. at 8-9.) For these reasons, Hild's first and second claims for conspiracy should be dismissed with prejudice.

**B.      Hild Fails to State a Claim Against Bloomberg for Tortious Interference**

Bloomberg's opening brief demonstrated that Hild did not state claims against Bloomberg for tortious interference with contract and with business expectancy, because the FAC fails to identify *any* business expectancy, nor does it allege Bloomberg had any knowledge of Hild's alleged guarantee-fee agreements or unspecified "reasonable business expectancies," or any facts to show that Bloomberg did anything to interfere with those agreements or expectancies, or that any of those agreements or expectancies was breached or terminated at all, much less due to any action by Bloomberg. (Bloomberg Mem. at 15-16.)

Again, Hild does not respond to these arguments other than to summarize his conclusory allegations (Hild Mem. at 9), and the tortious interference claims therefore should be dismissed with prejudice. *See Intercarrier Commc'ns*, 2013 BL 209053, at *3, 2013 WL 4061259, at *3.

8

**C.**    **Hild Fails to State a Claim Against Bloomberg for "Aiding and Abetting"**

Bloomberg's opening brief demonstrated that Virginia law does not recognize a cause of action for aiding and abetting, and in all events the FAC fails to allege any viable underlying tort, Bloomberg's knowledge of another defendant's tortious conduct, or Bloomberg's participation in such tortious conduct, requiring dismissal. (Bloomberg Mem. at 16-17.)

Again, Hild simply repeats his conclusory allegations of some of the elements of a claim and does not respond to Bloomberg's arguments, such that the aiding and abetting claim should be dismissed with prejudice. *See Intercarrier Commc'ns*, 2013 BL 209053, at *3, 2013 WL 4061259, at *3.

With respect to the aiding and abetting claim, Hild also states as follows:

Public filings arising from Live Well's bankruptcy proceedings further support the plausibility of the Bloomberg-Foster pricing relationship alleged in the FAC. Those filings identify communications between Dan Foster and Bloomberg personnel involved in the pricing process during the relevant period. See, e.g., David W. Carickhoff v. Michael C. Hild et al., Adv. Proc. No. 21-50966-LSS, D.I. 200 (Bankr. D. Del.).

(Hild Mem. at 10.)

This is irrelevant. For one, the filings cited by Hild are not part of nor are they mentioned in the FAC, and, again, Hild cannot amend the FAC through his brief in opposition to Bloomberg's motion. *See Kerpen,* 260 F. Supp. 3d at 587. In any event, the alleged existence of a "pricing relationship" between Bloomberg and defendant Dan Foster would not cure any of the fatal defects in Hild's aiding and abetting claim discussed above and in Bloomberg's opening brief, including that no such claim exists under Virginia law and that there is no allegation that anything Bloomberg did – including any "pricing relationship" – was wrongful, particularly given that Hild is not alleging that the pricing was inaccurate. The FAC should be dismissed with prejudice.

9

**D.      Hild Fails to State a Claim Against Bloomberg for Unjust Enrichment**

Bloomberg's opening brief established that Hild's sixth cause of action should be dismissed, because the FAC fails to allege that Bloomberg received any benefit from Hild or anyone else, much less that Bloomberg knew of such a benefit and should reasonably have expected to repay Hild, or that Bloomberg accepted or retained such a benefit without paying for its value. (Bloomberg Mem. at 17-18.)

Again, Hild does not respond to Bloomberg's arguments – his brief does not even mention the words "unjust enrichment." Hild therefore concedes those arguments, and the unjust enrichment claim should be dismissed with prejudice. *See Intercarrier Commc'ns*, 2013 BL 209053, at *3, 2013 WL 4061259, at *3.

**E.      Hild Does Not Dispute That Any Dismissal of His Claims Should Be With Prejudice**

Bloomberg's opening brief demonstrated that the FAC should be dismissed *with prejudice* as against Bloomberg. (Bloomberg Mem. at 11.) Hild does not dispute that, if the Court concludes it has jurisdiction to determine the sufficiency of the allegations of the FAC, any dismissal should be with prejudice. Moreover, Hild does not argue, and offers no basis for the Court to determine that any amendment would not be futile. Accordingly, any dismissal pursuant to Rule 12(b)(6) should be with prejudice.[3]

**IV.**
**THE COURT NEED NOT CONSIDER HILD'S OTHER ARGUMENTS**

As detailed above, Hild's brief makes only glancing reference to the arguments Bloomberg actually makes, conceding substantially all of them. Hild also makes several arguments

---

[3] Bloomberg also hereby incorporates by reference the argument on this point set forth in Part V of the Reply Memorandum of Law of Defendant Lawrence Mattera in Further Support of Motion to Dismiss First Amended Complaint (ECF No. 128 at 5-6.)

10

that purport to respond to arguments that Bloomberg did *not* make, specifically regarding whether Bloomberg's alleged conduct may be characterized as "protected market data publication" (Hild Mem. at 2-3), whether Hild has standing (*id.* at 2, 4-6), and whether this action constitutes an impermissible collateral attack on Hild's criminal conviction. (*Id.* at 1, 6-7.) None of those additional arguments by Hild salvages (or could salvage) the FAC as against Bloomberg, because none of them cures or even addresses any of the defects detailed above. The Court therefore need not consider them.

## CONCLUSION

For all the foregoing reasons as well as those set forth in the Memorandum of Law of Defendant Bloomberg L.P. in Support of Motion to Dismiss the First Amended Complaint (ECF No. 90), defendant Bloomberg respectfully requests that the Court dismiss Hild's First Amended Complaint in its entirety as against Bloomberg with prejudice and grant such other and further relief as the Court deems just and proper under applicable law.

Dated:    March 23, 2026

Respectfully submitted,

By:    /s/_____
Jason R. Hodge (VSB No. 90793)
*Attorney for Defendant Bloomberg L.P.*
NELSON MULLINS RILEY &
SCARBOROUGH LLP
1021 East Cary Street, Suite 2120
Richmond, VA 23219
Telephone: (804) 533-3891
Facsimile: (804) 616-4129
jason.hodge@nelsonmullins.com

Anne E. Beaumont (*pro hac vice*)
Diana Arsanjani Reisman (*pro hac vice*)
*Attorneys for Defendant Bloomberg L.P.*
FRIEDMAN KAPLAN SEILER
ADELMAN & ROBBINS LLP
7 Times Square

11

New York, New York 10036-6516
Telephone: (212) 833-1100
abeaumont@fklaw.com
dreisman@fklaw.com

12

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served via ECF on all counsel of record and parties registered to receive service via the Court's CM/ECF system.

/s/
Jason R. Hodge (VSB No. 90793)
*Attorney for Defendant Bloomberg L.P.*
NELSON MULLINS RILEY &
SCARBOROUGH LLP
1021 East Cary Street, Suite 2120
Richmond, VA 23219
Telephone: (804) 533-3891
Facsimile: (804) 616-4129
jason.hodge@nelsonmullins.com

13